# DABLE GRAIN SHOVEL COMPANY *v.* FLINT.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 1213. Submitted October 21, 1890. — Decided November 3, 1890.

The act of March 3, 1839, c. 88, § 7, authorized persons in whose building a machine was put up by the inventor thereof, and with his knowledge and consent, while he was in their employment, and before his application for a patent, to continue to use the specific machine, without paying compensation to him or his assigns, although asked for after obtaining the patent; and is not unconstitutional as depriving him of his property without compensation.

THIS was an action for the infringement of two patents for improvements in machinery for unloading grain from railroad cars, issued in 1866 and 1868 to John Dable, and by him since assigned to the plaintiff.

The defendants filed several pleas, the fourth of which averred " that the only machines for unloading grain from railroad cars, ever used by them during the life of either of said patents set forth in said declaration, were constructed and put into use in their grain elevators by the said John Dable, and with his consent and allowance, while he was in their employ as superintendent of machinery, and prior to his application for either of said letters patent; and thereby, and by virtue of the statute in such case made and provided, the defendants became possessed of the right to use all said machines during the life of each of said patents, without liability to the said John Dable or the plaintiff." 

The parties afterwards filed a stipulation in writing, by which

they waived a trial by jury; agreed that the facts alleged in the fourth plea were as therein stated, and also that Dable, when he obtained each of his patents, claimed of the defendants .compensation for the use of the inventions covered thereby, and that the defendants refused to recognize the claim; and submitted the issue presented by this plea to the judgment of the court upon the facts so stated and admitted.

The Circuit Court held that these facts constituted a good defence to the action, and therefore entered judgment for the defendants. 42 Fed. Rep. 686. The plaintiff sued out this writ of error.

*Mr. William Zimmerman* for plaintiff in error.

*Mr. Thomas A. Banning* and *Mr. Ephraim Banning* for defendants in error.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

The fourth plea is based upon section 7 of the act of March 3, 1839, c. 88, (in force when the patents were granted,) providing that "every person or corporation, who has or shall have purchased or constructed any newly invented machine, manufacture or composition of matter, prior to the application by the inventor and discoverer for a patent, shall be held to possess the right to use, and vend to others to be used, the specific machine, manufacture or composition of matter so made or purchased, without liability therefor to the inventor or any other person interested in such invention." 5 Stat. 354. In the later statutes, this provision has been reënacted with the qualification that the machine, manufacture or composition of matter must have been purchased from the inventor, or constructed with his knowledge and consent. Act of July 8, 1870, c. 230, § 37, 16 Stat. 203; Rev. Stat. § 4899.

It is agreed that the machines in question were constructed and put in use in the defendants' grain elevators by the inventor himself, and with his knowledge and consent, while he was

in their employment as superintendent of machinery, and before his application for either patent. According to the express terms of the statute, therefore, the defendants had the right to continue to use these specific machines without paying any compensation to him or his assigns, whether asked for or not.

To the argument of the plaintiff's counsel, that the statute is unconstitutional as depriving the inventor of his property without compensation, there is a twofold answer: The patentee has no exclusive right of property in his invention, except under and by virtue of the statutes securing it to him, and according to the regulations and restrictions of those statutes. *Gayler* v. *Wilder*, 10 How. 477, 493; *Brown* v. *Duchesne*, 19 How. 183, 195.; *Marsh* v. *Nichols*, 128 U. S. 605, 612. And these machines have been set free from his monopoly by his own act, consent and permission. *Wade* v. *Metcalf*, 129 U. S. 202.

*Judgment affirmed.*