**SADLER et al. v. W. S. DICKEY CLAY MFG. CO.**

No. 4522.

District Court, W. D. Missouri, W. D.

Oct. 1, 1947.

Bruner, Farabi & Matuska, of Pittsburg, Kan., and Wolf & Leary, of Joplin, Mo., for plaintiffs.

Maurice H. Winger, Frank P. Barker and George J. Winger, all of Kansas City, Mo., for defendant.

RIDGE, District Judge.

The complaint in this so-called "Portal-to-Portal" action does not allege that the liability claimed of defendant for failure to pay overtime compensation was the result of the breach of "an express provision of a written or nonwritten contract in effect, at the time" of the events set forth in the complaint; or the deviation from "a custom or practice in effect, at the time of such activity, at the establishment or other place where" the employees here involved were employed by defendant. Because of such deficiency, defendant has moved to dismiss this action for want of jurisdiction in the Court to proceed with the further prosecution hereof, in light of the provision of Section 2(a) (b) (c) (d) of the "Portal-to-Portal Act of 1947" 29 U.S.C.A. § 251, etc. Plaintiffs resist said motion, by asserting: (1) that the provisions of the "Portal-to-Portal Act", supra, are matters of defense, which the defendant has the burden of establishing; (2) that under the allegations of the complaint, plaintiffs make claim for activities which were performed for the benefit of the defendant; and (3) that if the "Portal-to-Portal Act of 1947" is applicable to this action said Act is unconstitutional because it attempts to divest plaintiffs of previously vested property rights under an employment contract.

This action was instituted on January 7, 1947, prior to the enactment of the "Portal-to-Portal Act", supra, by certain named individuals "as the agents and representatives of certain employees of defendant * * * estimated to be about six hundred in number". Within one hundred and twenty days of the enactment of the "Portal-to-Portal Act of 1947", a motion was filed, and an order was made thereon, striking from the caption of this cause the individuals originally named as plaintiffs and substituting in their stead one hundred nineteen persons as parties plaintiff who claim to be employees, or former employees, of defendant, as required by Section 8, of said Act.

The activities for which these plaintiffs now claim overtime compensation under Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 207, relate back to the year 1938 and intervening years. Plaintiffs seek compensation for time spent on defendant's premises awaiting "scheduled starting time" and for changing into work clothes before "starting time" and into street clothes "after quitting time"; time traveling "to and from premises of defendant for payment of their work and awaiting payment of their wages"; time spent in traveling to and from defendant's premises for medical examinations; time spent by piece-workers waiting to perform their duties because of interruptions occasioned by defendant; and for time engaged in other activities of a similar nature. In respect to the above allegations, we think the complaint falls squarely within the provisions of Section 2 of the "Portal-to-Portal Act of 1947" and the abridgement Congress there established on the right of recovery in actions such as this.

Since enactment of Section 2 of the "Portal-to-Portal Act of 1947", employees prosecuting actions, seeking to recover minimum wages or overtime compensation under Sections 6, and 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S. C.A. §§ 206, 207, must submit proof that they are entitled to such compensation, by reason of either:

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer."

Congress, in Section 2(d) of the "Portal-to-Portal Act of 1947", has delimited the

jurisdiction of all courts to enforce liabilities accruing under the Fair Labor Standards Act of 1938, to the extent, that in such actions a recovery may (now) he had only for activities that are referable to the contingent situations stated in subsections (a) and (b) of Section 2 thereof. So limiting the jurisdiction of the United States District Courts, the axiom, that whatever is essential to establish Federal jurisdiction to determine a cause must be shown to exist by allegations contained in the complaint, comes into operation. If a complaint prosecuted in the Federal Courts does not establish jurisdiction in the Court to adjudicate the cause there asserted, the suit must be dismissed unless the defect in the complaint can be cured by amendment. Smith v. McCullough, 270 U.S. 456, 46 S.Ct. 338, 70 L. Ed. 682; McNutt v. General Motors, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135. Federal Courts are Courts of limited jurisdiction, and it has always been held that in Courts of a special, limited jurisdiction the pleadings must contain averments which place the case within the jurisdiction of such Courts. Hence the requirement is, that jurisdiction must affirmatively appear from facts set forth by distinct averments in the statement of the cause of action asserted; otherwise, a Federal Court cannot proceed. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. The "Portal-to-Portal Act of 1947" specially withdrew from the jurisdiction of the Courts power to enforce claims such as are here asserted by plaintiffs, unless it is established by pleading and proof that such claims arise out of the express provisions of Section 2(a) (1) (2) of said Act. Burfeind v. Eagle-Picher Co. of Tex., D.C., 71 F.Supp. 929. In view of the limitation placed by Congress on the jurisdiction of courts to adjudicate claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq., plaintiffs should now amend their complaint and allege facts, establishing that the activities they now claim entitle them to overtime compensation, arose from a source as delineated in Section 2(a) of the "Portal-to-Portal Act of 1947." Otherwise, this Court has lost jurisdiction of this cause, and has lost any power it might have had to compel defendant to plead to the complaint herein. Under such circumstances, the provisions of the "Portal-to-Portal Act of 1947" cannot be termed "matters of defense".

Plaintiffs contend that Congress cannot divest them of rights previously vested, arising from the Fair Labor Standards Act of 1938, as amended, by enactment of the provisions of the "Portal-to-Portal Act of 1947". In support of such contention, plaintiffs rely upon the following authorities: Ettor v. Tacoma, 228 U.S. 148, 256, 33 S.Ct. 428, 57 L.Ed. 773; Steamship Co. v. Joliffe, 2 Wall. 450, 17 L.Ed. 805; Coombes v. Getz, 285 U.S. 434, 52 S.Ct. 435, 76 L.Ed. 866; Hawthorne v. Calef, 2 Wall. 10, 17 L.Ed. 776; Pritchard v. Norton, 106 U.S. 124, 1 S.Ct. 102, 27 L.Ed. 104; National Surety Corp. v. Wunderlich, 3 Cir., 111 F.2d 622; Duke Power Co. v. South Carolina Tax Commission, 4 Cir., 81 F.2d 513; Badger v. Hoidale, 8 Cir., 88 F.2d 208; Harrison v. Remington Paper Co., 8 Cir., 140 F. 385, 396; Knickerbocker Trust Co. v. Myers, D.C., 133 F. 764, 767. We have examined the authorities so cited and find them distinguishable from the law and facts here involved. The ruling of such decisions is, that one may not constitutionally be divested of vested property rights by enactment of subsequent legislation. Such may be conceded to be the law respecting vested property rights. The rights here asserted by plaintiffs are not vested property rights. They are rights accruing by virtue of a statute enacted by Congress. True, the Federal Statute which permits such recovery "is bottomed upon a contract of employment" (Republic Pictures Corp. v. Kappler, 8 Cir., 151 F.2d 543, 546), but, regardless of the provisions of such employment contract, the right of recovery here asserted by plaintiffs is traceable to the provisions of the Fair Labor Standards Act of 1938, and not to any contract provision plaintiffs have with defendant. Under such circumstances, the cause of action here asserted for overtime compensation is a statutory cause of action. The plaintiffs have no property right to the benefits of the Fair Labor Standards Act of 1938, "except under and by virtue of the statutes securing it to (them), and according to the regulations and restrictions of those statutes". Dablo

Grain Shovel Co. v. Flint, 137 U.S. 41, 43, 11 S.Ct. 8, 9, 34 L.Ed. 618.

█ That Congress has the right to withdraw from the jurisdiction of the court's power to enforce rights arising, or liabilities previously accrued, under the Fair Labor Standards Act of 1938, seems apparent. Section 16(b) of the Fair Labor Standards Act of 1938 created the cause of action here asserted by plaintiffs. It made such cause of action maintainable "in any court of competent jurisdiction". The amendment of said Section by the provisions of Section 2(d) of the "Portal-to-Portal Act of 1947" was in effect a repeal of the original section conferring jurisdiction on the courts to enforce the cause of action created by the Statute. "It is clear, that when the jurisdiction of a cause depends upon a statute the repeal of the statute takes away the jurisdiction. And it is equally clear, that where a jurisdiction, conferred by statute, is prohibited by a subsequent statute, the prohibition is, so far, a repeal of the statute conferring the jurisdiction." Merchants Insurance Co. v. Ritchie, 72 U.S. 541, 544, 18 L.Ed. 540. Congress may give, withhold or restrict jurisdiction of courts to enforce rights created by statute. "And the jurisdiction having been conferred may, at the will of Congress, be taken away in whole or in part; and if withdrawn without a saving clause all pending cases though cognizable when commenced must fall." Kline v. Burke Const. Co., 260 U.S. 226, 234, 43 S. Ct. 79, 83, 67 L.Ed. 226.

█ The power of Congress to regulate wages and hours of employees in interstate commerce is derived from Sec. 8, Art. I, of the Constitution. Overnight Motor Transportation Co., Inc., v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682. The power of Congress to regulate such commerce is complete and unrestricted except by the limitations found in the Constitution, itself. When Congress exercises such power and extends regulations so as to render impossible the enforcement, by suit, of a contract between parties, the power of Congress in that regard is not hampered by contractual provisions, although such contractual provisions were valid when made. Louisville & N. R. Co. v. Mottley, 219 U.S. 467, 31 S. Ct. 265, 55 L.Ed. 297; Calhoun v. Massie, 253 U.S. 170, 40 S.Ct. 474, 64 L.Ed. 843.

"Federal regulation of future action based upon rights previously acquired by the person regulated is not prohibited by the Constitution. So long as the Constitution authorizes the subsequently enacted legislation, the fact that its provisions limit or interfere with previously acquired rights does not condemn it. Immunity from federal regulation is not gained through forehanded contracts. Were it otherwise the paramount powers of Congress could be nullified by 'prophetic discernment.'" Fleming v. Rhodes, 331 U.S. 100, 107, 67 S.Ct. 1140, 1144.

After Congress exercises its constitutional right to regulate commerce between the States, existing, and future contracts inconsistent with the regulation established by the Act of Congress cannot be enforced in any Court. "The rule upon this subject is thoroughly established." Louisville & N. R. Co. v. Mottley, supra [219 U.S. 467, 31 S.Ct. 271]. If it can be said that the rights here asserted by plaintiffs arise from "contract" then it must be understood that such contract was made subject to the possible exercise of the rightful authority of Congress to abridge such contractual rights, by regulations affecting interstate commerce. The impairment resulting from such exercise is not a taking of private property for public use without compensation, or a deprivation of it without due process of law. Norman v. Baltimore & O. R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352 (the "Gold Clause" case). The right to "regulate" interstate commerce by Congress is the sine qua non that determines the constitutionality of the "Portal-to-Portal Act of 1947", and not whether plaintiffs acquired any rights under the Fair Labor Standards Act of 1938, prior to the enactment of the "Portal-to-Portal Act". A regulation of interstate commerce by Congress, prohibiting the enforcement in the courts of accrued statutory rights is unquestionably constitutional.

█ In view of what has been said, we think the provisions of the "Portal-to-Portal Act of 1947", limiting the jurisdiction of

courts to enforce existing and future claims arising under the Fair Labor Standards Act of 1938, is constitutional, and consequently defendant's motion to dismiss this action is by the Court sustained. Plaintiffs are given 60 days in which to file an amended petition, setting forth, if they can, jurisdictional averments necessary to right of recovery in light of the provisions of the "Portal-to-Portal Act of 1947", Sections 2(a) (b) (c) and (d), supra.

It is so ordered.