### MURRAY et al. v. HOMESTEAD VALVE MFG. CO.

#### Civ. A. No. 6186.

United States District Court
W. D. Pennsylvania.

Oct. 8, 1947.

Charles J. Margiotti, of Pittsburgh, Pa., and Lee Pressman, of Washington D. C., for plaintiffs.

C. M. Thorp, Jr., J. Roland Johnston and Thorp, Bostwick Reed & Armstrong, all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

Following the decision of the Supreme Court in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, handed down on June 10, 1946, a large number of actions were instituted in this District wherein the plaintiffs claim overtime compensation and liquidated damages for time allegedly spent either before or after the regular work shift in walking on employer's property to or from work, in waiting for work, in changing clothes, in obtaining equipment or tools, or in similar activities. The claims are asserted under Section 7(a) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 207(a).

These actions are known as portal-to-portal suits, and each names a large number of plaintiffs, one suit numbering them at over 20,000, another at over 8,000.

The defendants in each of forty-three of these actions have moved to dismiss the complaint, basing the motion on the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq. In each case the essential al-

legations were substantially the same, none of them asserting any exception to the Portal-to-Portal Act in the shape of any written or unwritten contract or any custom or practice for the payment of the overtime claimed. The claims and motions to dismiss, respectively, presenting the same subject matter, the motions to dismiss were all heard on the same day, when the constitutionality of the Portal-to-Portal Act was debated. It was generally admitted that if the Act is constitutional the motions to dismiss in the instant cases must be allowed.

The Portal-to-Portal Act of 1947 is, in effect, an amendment of the Fair Labor Standards Act of 1938, which applied to industries, employers and employees engaged in interstate commerce; United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430. In other words, the Act of 1947 is an act designed to regulate a phase of interstate commerce. In passing upon the present motions to dismiss the complaints, the constitutional power of Congress over commerce must be considered.

■ The power of the Congress in the regulation of interstate commerce is wide. In the exercise of such power it may act even though the effect of its action may destroy existing rights under contracts. North American Co. v. S.E.C., 327 U.S. 686, 66 S.Ct. 785, 90 L.Ed. 945; Norman v. Baltimore & O. R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352; Louisville & N. R. Co. v. Mottley, 219 U.S. 467, 31 S.Ct. 265, 55 L.Ed. 297, 34 L.R.A., N.S., 671.

■ In the instant cases none of the plaintiffs rely upon a contract but each claims that prior to the approval of the Portal-to-Portal Act he had a vested right by virtue of the Fair Labor Standards Act. The contention to this effect is unsound. By a subsequent statute Congress may withdraw rights granted by a statute without violating any provision of the Constitution. Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; State of Louisiana v. Mayor, 109 U.S. 285, 3 S.Ct. 211, 27 L.Ed. 936; Ex parte McCardle, 7 Wall. 506, 19 L.Ed. 264; Norris v. Crocker, 13 How. 429, 14 L.Ed. 210; United States ex rel. Rodriguez v. Weekly Publications, 2 Cir., 144 F.2d 186; United States v. Hammond, 5 Cir., 99 F.2d 557.

■ The cases just cited make it plain that the plaintiffs have not, and never had, a vested right to portal-to-portal pay. Until the Portal-to-Portal Act was approved they had a qualified right of action, but after its approval that qualified right was withdrawn by Congress, and with it fell their rights of action if the Act is constitutional.

■ It has been argued on behalf of the plaintiffs that Congress, by the Portal-to-Portal Act is attempting to exercise judicial power. This Court is quite unable to agree with this contention. The Fair Labor Standards Act was enacted by and was the responsibility of Congress. It came before the Supreme Court, which interpreted it in the performance of its function. Congress, feeling that numerous evils would arise from the Act as interpreted, limited its scope. In doing so it was dealing with its own statute, and not undertaking to reverse the Supreme Court in a manner outside of its power.

The Court is of the opinion that the Portal-to-Portal Act of 1947 is within the constitutional power of Congress. In this opinion it joins with fourteen other District Courts which have considered it.

■ The Court, being of the opinion that it is without jurisdiction to hear them, will dismiss each of the actions considered upon the motions.