LOCAL 626, INTERNATIONAL UNION UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (C.I.O.) v. GENERAL MOTORS CORPORATION (NEW DEPARTURE, BRISTOL, CONN). TITTLE et al. v. GENERAL MOTORS CORPORATION.

Civil Actions Nos. 1944, 1979.

District Court, D. Connecticut.

Oct. 22, 1947.

William S. Zeman, of Hartford, Conn., for plaintiff.

Cummings & Lockwood, by Mark W. Norman and Raymond E. Hackett, all of Stamford, Conn., for defendant.

In No. 1979:

Nathan Aaron, of Hartford, Conn., and Grant & Angoff, by Sidney S. Grant and Harold B. Roitman, all of Boston, Mass., for plaintiffs Tittle et al.

Cummings & Lockwood, of Stamford, Conn., by Raymond E. Hackett, all of Stamford, Conn., for defendant.

HINCKS, District Judge.

In each of the above-captioned cases the defendant moves to dismiss because the complaint fails to show present jurisdiction of the court over the subject matter.

The plaintiffs correctly point out that the complaints when brought (before the enactment of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq.) made a sufficient showing of jurisdiction under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and contend that any jurisdictional change resulting from the Portal-to-Portal Act is matter for affirmative allegation by the defendant. But the defendant contends that when the jurisdictional limitations of the Portal-to-Portal Act became effective it devolved upon the plaintiffs, if they proposed to continue to invoke the jurisdiction of the court, to amend their complaints to show that the causes of action relied upon were still within the jurisdiction of the court. If, indeed, the complaints in their present form fail to make an affirmative showing of jurisdiction in view of the limitations of the Portal-to-Portal Act, the defendant's contention, I hold, is supported by the principles applicable to courts of special jurisdiction, such as this. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Kvos, Inc., v. Associated Press, 299 U.S. 269, 278-280, 57 S.Ct. 197, 81 L.Ed. 183; Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682; Assessors v. Osbornes, 9 Wall. 567, 19 L.Ed. 748; Donnelly Garment Co. v. International L. G. W. Union, 8 Cir., 99 F.2d 309, certiorari denied. 305 U.S. 662, 59 S.Ct. 364, 83 L.Ed. 430.

I turn then to a scrutiny of the complaints. There are, to be sure, allegations of activities before starting time and after quitting time; of time spent in lunch and rest periods; of time spent in waiting to collect their pay and in waiting in the Labor Relations offices and medical offices of the defendant. But nowhere do the complaints show that these or any other activities for which plaintiffs are seeking statutory compensation under the Fair Labor Standards Act were compensable either by contract or by contemporaneous custom. It follows that under Section 2(a)(1) and (2) of the Portal-to-Portal Act the defendant is not subject to liability for the activities over which plaintiffs seek now to make an issue, and that this court under Section 2(d) of the Portal-to-Portal Act is now without jurisdiction.

The plaintiffs further contend that the Portal-to-Portal Act of 1947 is unconstitutional and have filed an 89-page printed brief believed to support that position. In this brief plaintiffs refer to their claimed right as one "based upon acts performed under the statute, upon consideration given or injury suffered in accordance with the terms of that statute." Thus in effect plaintiffs contend that the provisions of the Fair Labor Standards Act as construed by the Supreme Court of the United States became an inherent part of the contract

of employment between the parties which upon performance by the plaintiffs became fully vested and hence beyond the reach of legislative modification. This, in my view, is the only point in the brief deserving of discussion.

But this position completely disregards the fact that there is nothing in these complaints to show that either party to the several contracts of employment—and still less, that both parties to each such contract—ever contemplated that the activities in question should be compensable: they do not show that in the consummation of the contracts words were used or other manifestations of intention were given which the plaintiffs in fact understood to mean, or reasonably ought to have understood to mean, that compensation would be made for the activities now in question. Thus even with the aid of proper interpretation, Williston on Contracts, 3rd Ed., Sec. 605, the informal contracts alleged do not support the recovery sought. And whatever rights the plaintiffs may once have had to compensation for the activities in question derived not from contracts but solely from a statute regulating interstate commerce. Such rights Congress without offense to the Constitution could alter or terminate as its judgment should dictate.

These conclusions and the basis therefor were stated in my Memorandum of Decision dated July 11, 1947, in Darr v. Mutual Life Insurance Co., D.C., 72 F.Supp. 752. Further discussion of the point, I think, serves no useful purpose especially since the ruling required by my conclusions is in line with the great weight of authority throughout the country as attested by decisions as yet officially unreported to which counsel has directed my attention.

Although the complaints—as I rule —in view of the Portal-to-Portal Act each fail to state a cause of action within the present jurisdiction of this court they do not, I think, definitely exclude the possibility of contracts or customs which under that Act might serve as a sufficient basis for present jurisdiction. I rule, therefore, that plaintiffs should have twenty days in which to amend by alleging, if they can,

facts showing the existence of contracts or custom deemed to support their claims to compensation.

At the expiration of twenty days the Clerk will enter an order of dismissal in each case, unless an amendment be sooner filed.