(whether or not it is justified) that such union is strengthened by the 'vulcanizing process.

 In the consideration of the issues in this action the admonition of the Supreme Court as to the better practice for this Court to follow in patent litigation, where both validity and infringement are involved, has not been overlooked. Sinclair Co. v. Interchemical Corporation, 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644. Here, however, the patents involved have expired. There is no evidence of the use of same commercially, and there is no evidence of pending or threatened litigation. The "public importance" referred to in the Sinclair case, therefore, does not exist; neither do the patents longer remain in the art as a "scarecrow". Addressograph–Multigraph Corporation v. Cooper, 2 Cir., 156 F.2d 483. The determination fo the question of validity under the circumstances of this case approaches an advisory opinion, or the determination of a controversy not necessary to the decision which the passage of time has rendered moot.

The complaint is dismissed.

diction. The motion, as also the complaint to which it is addressed, is substantially the same as in the two actions in this court against General Motors Corporation, Local 626, International Union United Automobile, Aircraft & Agricultural Implement Workers of America, C.I.O., v. General Motors Corp., D.C., 76 F.Supp. 593, and the motion is resisted on substantially the same grounds. Indeed, the plaintiffs here in support of their attack on the constitutionality of the Portal-to-Portal Act of 1947 have filed the identical 89-page printed brief which was filed in the other cases. The motion in the General Motors cases pursuant to a Memorandum of even date has been granted, subject to leave to the plaintiffs to amend within 20 days.

For the reasons stated in the Memorandum in the said General Motors cases the same ruling is made here.

Ordered accordingly.

**Charles J. MOELLER, Regional Director, District No. I, et al. v. ATLAS POWDER COMPANY.**

Civ. No. 1956.

District Court, D. Connecticut.
Oct. 22, 1947.

Samuel Gruber, of Stamford, Conn., for plaintiffs.

Raymond E. Hackett, of Stamford, Conn., for defendant.

HINCKS, District Judge.

In this case the defendant has moved to dismiss on the ground that as a result of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq. the court is without juris-

**ASHEVILLE CONTRACTING CO. v. UNITED STATES.**

No. 45732.

Court of Claims.
April 5, 1948.

