### CARDINALE et al. v. GENERAL MOTORS CORPORATION.

#### Civ. No. 2816.

District Court, N. D. New York.
Oct. 25, 1947.

744

Charles J. Hogan and Ernest Goodman, both of Syracuse, N. Y., for plaintiffs.

Costello, Cooney & Fearon, of Syracuse, N. Y., for defendant.

BRENNAN, District Judge.

This action was commenced on January 8, 1947. Several hundred plaintiffs seek to recover money damages from the defendant, basing their right of recovery upon the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., as interpreted by the decision in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515.

The action is what is commonly known as a "portal to portal" action. The allegations of the complaint refer to time claimed to have been spent by the plaintiffs in preparing for work prior to the scheduled starting time, and changing into street clothes, etc., after the scheduled quitting time. Defendant now moves to dismiss the complaint because of the provisions of the Portal-to-Portal Act of 1947, approved May 14, 1947, 29 U.S.C.A. § 251 et seq., which it is urged deprives this court of jurisdiction, unless the plaintiffs allege in the complaint that they are entitled to overtime compensation by reason of an express provision of a contract or a custom or practice in effect at the defendant's establishment or place of plaintiff's employment.

The question to be determined is narrow and concise; viz.: Does this Court have jurisdiction of a portal to portal action where the complaint fails to show upon its face either an express provision of contract, or a custom or practice, by reason of which plaintiffs claim that they are entitled to overtime compensation?

Since the argument of the case the defendant has submitted many court decisions which seem to involve the same question as in the instant case, and which uphold defendant's contention. The plaintiffs have filed a rather lengthy brief attacking the constitutionality of the Portal-to-Portal Act of 1947, and cites three decisions in the Southern District of New York, which it is claimed uphold their contentions.

The question of the constitutionality of the Portal-to-Portal Act of 1947 has been determined by several District Courts, and may be disposed of by the language of Judge Gibson in the case of Hart v. Aluminum Co. of America, D.C.W.D.Pa., 73 F. Supp. 727, 728: "This Court is of the opinion that the Portal-to-Portal Act of 1947 is within the constitutional power of Congress. In this opinion it joins with fourteen other district courts which have considered it."

It would serve no useful purpose to discuss the jurisdictional question involved. It seems beyond question that the general rule requires that the jurisdiction of this Court must appear upon the face of the complaint, that Congress may grant and withdraw jurisdiction at its pleasure, and that the purpose of the Portal-to-Portal Act of 1947, was to eliminate unnecessary litigation. The many cases cited by the moving party indicate clearly that the weight of authority is to the effect that the motion must be granted. I believe the opinions or decisions therein have not been officially reported, and reference is made only to those cases in which a copy of the opinion or decision has come to my attention, and which I believe are determinative of this motion. Burfeind v. Eagle Picher Co. of Texas, D.C., 71 F.Supp. 929; Sadler et al. v. W. S. Dickey Clay Mfg. Co., D.C. W.D.Mo.1947, 73 F.Supp. 690; Johnson et al. v. Park City Consolidated Mines Co., 73 F.Supp. 852; Seese et al. v. Bethlehem Steel Co. D.C.Md.1947, 74 F.Supp. 412.

So far as the cases cited by the plaintiff are concerned, an effort is made to distinguish same, in that it is urged that they are not motions made in true portal to portal cases, or that the motion as made did not raise the question here. But, in any event I am impressed by the decisions

above referred to. See also Bartels et al. v. Sperti, Inc., D.C.S.D.N.Y.1947, 73 F.Supp. 751.

I have, therefore, concluded that the motion must be granted, unless within a period of thirty days from the date of the entry and service of an order herein, the plaintiffs file an amended complaint herein containing the necessary averments, as above indicated.