### COLVARD et al. v. SOUTHERN WOOD PRESERVING CO.

### Civ. No. 1019.

District Court, E. D. Tennessee, S. D.

Nov. 1, 1947.

Harry J. Schaeffer, E. B. Baker and Joe N. Hunter, all of Chattanooga, Tenn., for plaintiffs.

Whitaker, Hall & Haynes, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

The defendant has a motion for a summary judgment supported by an affidavit

with exhibits. The plaintiffs also have a motion for a summary judgment "based on the motion and affidavit of the defendant."

■ The facts being admitted, the proceedings for summary judgment are proper.

The plaintiffs claim overtime under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., for time spent in going from an entrance gate to their working places and return and for time used in changing clothes and obtaining and replacing tools before and after shift time.

The claims made in this case are much the same as were made in the case of Lasater v. Hercules Powder Company, concerning which an opinion was filed on July 25, 1947, 73 F.Supp. 264, to which reference is made.

In this case, however, the plaintiffs contend that there is this difference. The employment contract under which they worked had a provision whereby the employer agreed to pay the employees time and one-half for overtime. The plaintiffs insist that this is an express contract to pay the employees for all overtime at the rate of one and one-half times the hourly wages, thereby recognizing by contract the work week to be what had been at that time judicially adjudged. Therefore, the plaintiffs claim that the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., is not applicable by reason of this express contract whereby an exception is made to Section 2 of said Act.

■ My judgment is that the contract for the payment of overtime, as intended by the Congress in the Portal-to-Portal Act of 1947, must be an express or written contract concerning the particular time for which overtime compensation is sought. I think the general provision in the employment contract to pay time and one-half for overtime has no significance in determining the number of hours in a work week. This would be true had there been no Portal-to-Portal Act of 1947.

It may be pointed out that the affidavit upon which both parties rely refutes the claim of working time by reason of change of clothes and obtaining and replacing equipment.

In any event, however, I am of the opinion that none of these activities included in plaintiffs' claims were compensable by reason of either a verbal or written contract, and there was no supporting custom or practice.

■ My judgment is that the claims of plaintiffs cannot be sustained as the Portal-to-Portal Act of 1947 released the defendant from liability therefor and took from this court jurisdiction to entertain the case and pronounce judgment.

The defendant will have a judgment.