## PLUMMER et al. v. MINNEAPOLIS–MO-LINE POWER IMPLEMENT CO.
### Civil Action No. 2037.

District Court, D. Minnesota,
Fourth Division.

Feb. 3, 1948.

Loring M. Staples and John S. Pillsbury, Jr., both of Minneapolis, Minn., for defendant in support of the motion.

Douglas Hall, Wyman Smith, and Kenneth J. Enkel, all of Minneapolis, Minn., for plaintiffs in opposition thereto.

NORDBYE, District Judge.

The motion is predicated on the grounds that defendant has conclusively shown that there was no express provision of a written or non-written contract, nor any custom or practice, to compensate these plaintiffs for the type of activity alleged to have been performed by them, and that therefore there can be no recovery under the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251, et seq.

Plaintiffs were guards at defendant's plant during the War, and are seeking recovery under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The work for which they seek compensation under that Act, together with overtime, liquidated damages, and attorneys' fees, con-

sisted of walking to and from their posts of duty, cleaning their firearms, changing into guard uniforms from their street clothes, and changing into street clothes from their guard uniforms. The only response which plaintiffs make to the showing that there was no express provision of any written or non-written contract which would sustain their right of recovery under the Portal-to-Portal Act is to state that when these men were hired they were told they would receive so many cents per hour for all work performed. Clearly, such a showing, in view of the type of activities alleged to have been performed, would not sustain recovery under the Act. It is conceded that the parties did not agree in the employment contract that the services enumerated were to be compensable. Plaintiffs worked at defendant's plant for some three years and were paid for the straight time and overtime that they worked as guards pursuant to any individual contract of employment or any collective bargaining contract. It was some months after their employment terminated that they first made a claim for compensation by reason of the specific services enumerated above. In order to sustain a recovery under the Portal-to-Portal Act, plaintiffs must establish an express provision in a written or non-written contract between the parties to the effect that plaintiffs were to be compensated for these specific services. The claimed basis for their recovery herein as indicated by this showing is the very situation which apparently motivated Congress in passing the legislation now commonly referred to as the Portal-to Portal Act. It seems elementary that the conditions of that Act are not met by the implied contract claimed to be based on the general employment contract which is set forth in plaintiffs' affidavit. Colvard v. Southern Wood Preserving Co., D.C.E.D. Tenn. Nov. 1, 1947, 74 F.Supp. 804.

■ The only showing that plaintiffs make regarding any custom or practice to the effect that such services are compensable is merely to state that "plaintiffs will be able to show that the activities are compensable as a result of a custom or practice in effect at the time of such activity as those terms are used in the Portal-to-Portal Act of 1947." At the hearing on the motion, and in response to the Court's question, counsel for plaintiffs indicated that the only custom or practice to which plaintiffs had reference, in the affidavit submitted, was the custom at the plant to pay the production employees a premium or incentive wage if they produced a certain number of units per day; also that such production employees would be paid such premium pay under certain conditions when the machine which may have been assigned to any employee was out of repair or was being used for experimental work, and that some production employees were given credit for an eight hour day although, by reason of the lunch hour period, only seven and one-half hours were actually worked. In view of counsel's amplification of the affidavit submitted as to the nature of the custom relied on, it seems obvious that plaintiffs fall far short in their attempt to meet the conditions of the Act. There is no possible relation between the custom or practices which pertained to production employees under the circumstances related, and the custom or practice required by the Act as a basis for compensation of guards at the plant for the type of activities for which they are seeking recovery herein. Further discussion seems unnecessary.

This action is brought in behalf of some thirty named employees and others similarly situated. At the time of the hearing, the Court stated that the statements of plaintiffs' counsel with respect to the nature of the custom or practice relied upon would be considered as being given in a pre-trial conference and would be considered by the Court in connection with the affidavits submitted in disposing of the motion for summary judgment. No objection was expressed to the Court's ruling in that regard. And counsel for plaintiffs have in no way indicated that they would be able to make a more satisfactory showing on this motion. Trial of the factual issues would undoubtedly be long and burdensome. In view of the fact that the showing herein unmistakably establishes the fallacy of plaintiffs' contention that they have a cause of action under the Portal-to-Portal Act, it must follow that this action should be dismissed if the Portal-to-Portal Act is constitutional. Plaintiffs challenge the constitutionality of the Act mainly on the following grounds:

(1) That the Act represents an attempt by Congress to exercise judicial power in violation of Article III of the Constitution of the United States and thus deprive the plaintiffs of their property and vested rights without due process of law in contravention of the Fifth Amendment; (2) that the provisions of the Act purporting to affect the jurisdiction of the courts cannot serve to validate the deprivation of plaintiffs' rights under the Fifth Amendment; (3) that the Congressional finding of an "emergency" cannot justify the invasion of plaintiffs' constitutional rights; and (4) that the Act is patently arbitrary and unreasonable and is clearly designed to further no legitimate Congressional purpose and is calculated only to benefit one group in the population at the expense of another.

The constitutionality of the Portal-to-Portal Act has run the gauntlet of attack in some seventeen districts throughout the Nation, and these decisions have been called to my attention. Burfeind v. Eagle Picher Co., D.C.N.D.Tex. May 21, 1947, 71 F.Supp. 929; Boehle v. Electro Metallurgical Co., D.C.Or., June 9, 1947, 72 F.Supp. 21; Story v. Todd Houston Shipbuilding Corporation, D.C.S.D.Tex., July 17, 1947, 72 F.Supp. 690; Darr v. Mutual Life Ins. Co., D.C.S.D. N.Y., July 11, 1947, 72 F.Supp. 752; Lasater v. Hercules Powder Co., D.C.E.D.Tenn., July 25, 1947, 73 F.Supp. 264; Cochran v. St. Paul & Tacoma Lumber Co., D.C.Wash., May 26, 1947, 73 F.Supp. 288; Sadler v. Dickey Clay Mfg. Co., D.C.W.D.Mo., Oct. 1, 1947, 73 F.Supp. 690; Hart v. Aluminum Co. of Am., D.C.W.D.Pa., Oct. 8, 1947, 73 F.Supp. 727; Johnson v. Park City Consol. Mines Co., D.C.E.D.Mo., Oct. 3, 1947, 73 F.Supp. 852; May v. General Motors Corporation, D.C.N.D.Ga., Oct. 17, 1947, 73 F. Supp. 878; Seese v. Bethlehem Steel Co., D.C.Md., Oct. 14, 1947, 74 F.Supp. 412; Hornbeck v. Dain Mfg. Co., D.C.S.D.Ia., Sept. 25, 1947, 7 F.R.D. 605; Quinn v. Cal. Shipbuilding Corporation, D.C.S.D.Cal., Sept. 29, 1947, 76 F.Supp. 742; Local 626 UAW v. General Motors Corporation, D.C. Conn., Oct. 22, 1947, 76 F.Supp. 593; Cardinale v. General Motors Corporation, D.C. N.D.N.Y., Oct. 27, 1947, 76 F.Supp. 743; Moeller v. Atlas Powder Company, D.C. Conn., Oct. 22, 1947, 76 F.Supp. 707; Ackerman v. J. I. Case Co., D.C.E.D.Wis., Nov. 5, 1947, 74 F.Supp. 639.

The decisions in the main sustain the Act against all the claimed unconstitutional frailties which are now being asserted herein. In addition, Judge Donovan, of this District, under date of December 12, 1947, in Smith v. Cudahy Packing Co., Schempf v. Armour and Co., and Parenteau v. Swift and Co., 76 F.Supp. 575, has sustained the constitutionality of the Act, and I am in accord with the views expressed therein. Any written memorandum on my part, in view of the unanimity of opinion of the District Courts and the exhaustive decisions which have been published, would indeed be a supererogation. I content myself, therefore, with the statement that, on the grounds asserted herein, I am without any doubt as to the constitutionality of the Act. It follows therefore, that there being no genuine issue as to any material fact to be tried herein, the defendant in the above-entitled cause is entitled to judgment in its favor on the merits. It is so ordered.

An exception is accorded to the plaintiffs.