**UNITED STATES v. MITCHELL.**

No. 5672.

United States District Court
W. D. Missouri, W. D.

Oct. 20, 1949.

454

Joseph E. Babka, St. Louis, Mo. for plaintiff.

Paul M. LaHines, Kansas City, Mo., for defendant.

RIDGE, District Judge.

The question now before the Court is: Can the Housing Expediter recover in the name of the United States, under the Housing and Rent Act of 1949, triple damages, based on alleged overcharges of rent made in violation of the Housing and Rent Act of 1947, as amended, when all such violations are shown to have occurred prior to the effective date of the 1949 Act. (The power of the Court, under proper showing, to decree restitution to tenants or grant injunctive relief, although issues raised in the pleadings, are not presently before the Court.)

The overcharges of rent here in dispute are alleged as having been exacted between February 6, 1945, and September 1, 1948. Thus, it is apparent that that portion of the overcharge alleged to have been exacted between February 6, 1945, and June 30, 1947, is governed by the Emergency Price Control Act of 1942, as Amended, 50 U.S. C.A. Appendix, § 901 et seq., and that portion alleged to have been exacted from July 1, 1947, to September 1, 1948, is governed by the Housing and Rent Act of 1947, as Amended, 50 U.S.C.A.Appendix, § 1881 et seq. We are now only concerned with overcharges alleged to have been exacted under the latter Act within one year from time of filing complaint.

The instant action was commenced April 21, 1949, twenty-one (21) days after the effective date of the Housing and Rent Act of 1949, Pub. L. 31, 81st Congr., 1st Sess., 63 Stat. 18. The 1949 Act was amendatory to the Housing and Rent Act of 1947, supra. Under Section 205 of the 1947 Act, a right of action was given to "tenants" to recover triple damages of a landlord demanding, accepting, or receiving any payment of rent in excess of the maximum rent prescribed by that Act. 50 U.S.C.A.Appendix, § 1895. Section 204(a) of the 1949 Act made provision inter alia that a landlord who demands, accepts, or receives any payment of rent in excess of the maximum provided in the 1947 Act, should also "be liable to United States" for triple the amount of any such overcharge, "if the person from whom such payment is demanded, accepted, or received either fails to institute an action" therefor "within thirty days from the date of the occurrence of the violation" giving rise to such an action; and if the action is so brought by the United States, then the person from whom the overcharge was exacted is barred "from bringing an action for the same violation." Sec. 204(a) Pub. L. 31, 81st Congr., 1st Sess., 63 Stat. 27.

It is defendant's contention that the 1949 Amendment to the Housing and Rent Act of 1947 in the above respects operates prospectively only, and as a consequence the United States, under the above state of facts, has no right to maintain the instant action to recover treble the amount of the rental overcharges here claimed. Defendant premises his contention on the assertion

that by the 1949 Amendment a new right of action was created in favor of the United States to recover triple damages for overcharges of controlled rental housing accommodations; that there is no manifestation in the 1949 Amendment from which it can be determined that Congress intended such provision of the 1949 Act to operate retrospectively; that to give retroactive effect to such amendment would be to take away a right of action which had already accrued and exclusively vested in tenants under the 1947 Act, in destruction of contractual rights between tenants and landlords, and would, therefore, deny due process of law and make the amendment, supra, unconstitutional.

Plaintiff's contention is that Amendment of the Housing and Rent Act of 1947, in the above respects, by the Act of 1949, supra, was intended to be retrospective in effect and does not offend due process under the Fifth Amendment, since it does not create a wrong where none previously existed, but merely allows the United States to assert a remedy for a wrong already in existence.

■■■ In resolving the above contentions, we first dispose of the constitutional aspects that are there asserted to be involved. The Constitution of the United States does not in terms prohibit the enactment by Congress of retrospective laws unless they impair the obligations of contracts or partake of the character of ex post facto laws. Bernheimer v. Converse, 206 U. S. 516, 27 S.Ct. 755, 51 L.Ed. 1163. No ex post facto law is here involved, as Art. 1, Sec. 9 of the Constitution is only applicable to criminal prosecutions. Johannessen v. United States, 225 U.S. 227, 32 S.Ct. 613, 56 L.Ed. 1066. Consequently, any constitutional objection to giving retroactive effect to the Housing and Rent Act of 1949, as here considered, must be predicated upon a determination that to do so tends to impair the obligations of contracts and thus is violative of the due process clause of the Fifth Amendment. That no such consequence can possibly be involved is clearly apparent when it is called to mind that the rights of action here involved, whether existent in a tenant against a landlord under

the 1947 Act, or in the United States against the landlord, under the 1949 Act, are statutory causes of action created by Act of Congress from which no vested property right may be asserted. Dable Grain Shovel Co. v. Flint, 137 U.S. 41, 11 S.Ct. 8, 34 L.Ed. 618. Having created such rights of action, Congress may at any time as in its wisdom it deems proper, abrogate, modify, or withdraw, in whole or in part, the rights of action so created. Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Louisville & Nashville R. Co. v. Mottley, 219 U.S. 467, 31 S.Ct. 265, 55 L.Ed. 297, 34 L.R.A., N.S., 671. The impairment resulting from such action by Congress is not denial of due process or the taking of private vested rights without due compensation. Norman v. Baltimore & O. R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352. Consequently, no constitutional barrier here exists to giving retrospective consideration to the Housing and Rent Act of 1949.

■■■ A more delicate proposition for determination is whether Congress in the 1949 Act manifested an intention that the provisions thereof, now before the Court, should be given retroactive effect. Whether a given statute operates prospectively or retrospectively, is one of legislative intent. In determining such intent, the general rule is that unless there is a clear manifestation by the terms of the Act, or its legislative history, that it was to be retrospective in effect, it must be considered to operate prospectively only. Is there a manifestation in the 1949 Act that it was to operate retrospectively?

■■■ Rent control, as established under the Emergency Price Control Act of 1942, as Amended, and under the Housing and Rent Act of 1947, as Amended, is remedial legislation, the fundamental purpose of which was to prevent inflation. Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L. Ed. 754. "On this aspect, the Act attempted to achieve its purpose (1) by making overcharging illegal and providing remedies, civil and criminal, to deter such acts from being done, and (2) by a neutralizing of the inflationary effect of any overcharge made, through a syphoning off of that effect

by a legal action for damages * * *." Eblling v. Woods, etc., 8 Cir., 175 F.2d 242, 244.

 From a reading of the Housing and Rent Act of 1947, it is observed that prior to the enactment of the Housing and Rent Act of 1949, no criminal penalties were provided for a violation of the former Act. The invention of the right of action in a tenant to recover triple damages of a landlord, was the only penalty provided in the 1947 Act, for a violation thereof. In framing such remedy, it is clear that Congress attempted to effectuate a method whereby the public interest in rent control established by the 1947 Act would be protected. As shown by the legislative history of the Housing and Rent Act of 1949, such provision did not prove effective in securing compliance with that law. See Report of Senate Committee on Banking and Currency, 81st Congr., 1st Sess., Vol. 3, p. 341, U. S. Congr. Service, 1949. Accordingly Congress included in the 1949 Act a provision that if the tenant fails to institute an action to recover triple damages of a landlord, for violation of the rent control established by the 1947 Act, "within thirty days from the date of the occurrence of the violation", the United States may institute the action and thereafter the tenant would be barred from bringing an action for the same violation. It is manifest that in so providing Congress did not, so far as triple damages actions are concerned, create a new wrong, or establish additional sanctions for existing violations of the 1947 Act, but merely attached another remedy to be pursued as an aid in the administration and enforcement of the 1947 Act. In providing that such additional remedy may be enforced by the United States thirty days after a violation had occurred, if the tenant within that time had not appropriated the remedy, we believe, that in light of the time so provided and the purpose for which the penalty was fixed and intended to be recovered, Congress has made manifestation in the 1949 Act that the provisions thereof here considered were to be effective as to violations existing at the time of the passage of the 1949 Act, as well as to violations occurring thereafter. The Amendment here considered deals solely with the remedy for enforcement of rent controls created by the 1947 Act. As such, it is remedial in character and should be construed so as to effectuate the purpose for which it was enacted. Bowles v. Miller, 10 Cir., 151 F.2d 992. The purpose of the 1949 Amendment of the Housing and Rent Act of 1947, was to secure compliance with rent controls created in the latter Act. In providing that new remedy to compel compliance with the provisions of the 1947 Act, it seems clear that Congress intended the same to be retroactive and operate upon causes of action existing at the time that law was passed. If it were otherwise, the strengthening provisions intended to be made, in the administration and enforcement of the 1947 Act, by the 1949 Act, would be thwarted and would constitute Congressional approval of previous black marketing in overceiling rents. This clearly was not what Congress intended by passage of the latter Act. Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 92 L.Ed. 815.

Therefore, plaintiff's motion to set aside and vacate that portion of the order of this Court entered herein July 19, 1949, sustaining defendant's motion to strike parts of the complaint with reference to triple damages here sought to be recovered, should be, and the same is hereby, sustained. Defendant's motion to strike, in the above respects, is now by the Court overruled.