FEDERICO HERNÁNDEZ DENTON, en su carácter de SECRETARIO DE ASUNTOS DEL CONSUMIDOR, demandante y recurrido, *v.* EDMOND FLORES, demandado y recurrente.

*Número:* R-77-94     *Resuelto:* 14 de febrero de 1978

788

*Ramos Quirós & Bestard,* abogados del recurrente; *Reynaldo Rodríguez Pagán, Julio López Keelan* y *Eugenio Gil de Lamadrid Gautier,* abogados del recurrido.

PER CURIAM: El recurrente, señor Flores, arrendó en 1968 una propiedad a la cual no se le había fijado canon conforme las disposiciones de la Ley de Alquileres Razonables, Ley Núm. 464 de 25 de abril de 1946, 17 L.P.R.A. sec. 181 y ss. El 18 de octubre de 1971 la arrendataria solicitó la determi-

nación de una renta razonable. El 21 de agosto de 1972 el Departamento de Asuntos del Consumidor fijó el alquiler máximo mensual en $117.50, efectivo al 19 de junio de 1968.

La arrendataria solicitó el reembolso de los cánones cobrados en exceso. Así lo ordenó el organismo administrativo el 19 de marzo de 1973. No conforme con la orden de reducción de alquiler y reembolso dictada por el Departamento, el recurrente acudió en alzada ante el Tribunal Superior. La determinación administrativa fue confirmada el 21 de mayo de 1975.

El 31 de diciembre de 1975, cuando habían transcurrido más de noventa días sin que el recurrente hubiese efectuado el correspondiente reembolso, el recurrido radicó una demanda de triple daño al amparo del Art. 8 (d) de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 188 (d). El 28 de enero de 1977 el tribunal condenó al recurrente a pagar tres veces el sobreprecio, más las costas.

Funda el recurrente su recurso en dos señalamientos. Sostiene que la acción de triple daño caducó al no instarse dentro del término que establece el Art. 8 (h) de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 188 (h), y que las disposiciones en que descansa tal acción son inconstitucionales. Acordamos revisar.

El Art. 8 (h) dispone en parte:

"Las acciones de triple daño autorizadas por esta sección podrán incoarse solamente dentro del año siguiente a la fecha en que se hubiera pagado el sobreprecio o a la fecha en que se ordenare por el Administrador una reducción de alquiler incluyendo reembolso al inquilino, según fuere el caso . . . ."

La acción de triple daño deriva del inciso (d) del referido artículo, 17 L.P.R.A. sec. 188 (d), el que ordena:

"Si transcurren los 30 días mencionados en los incisos (a) y (b), sin que el propietario haya efectuado el reembolso . . . el inquilino podrá incoar contra el propietario una acción por tres veces el importe del reembolso o por $50.00, cualquiera de estas

sumas que fuese la mayor, más las costas y honorarios de abogado del demandante . . . ." (1)

■ ·El término de un año que establece el Art. 8(h) es de caducidad o decadencia y no de prescripción extintiva. *Eisele* v. *Orcasitas*, 85 D.P.R. 89, 92–93 (1962). La controversia en ·el caso presente gira sobre el momento en que comienza a transcurrir el referido término. La agencia gubernamental recurrida argumenta que no empieza a correr el plazo para interponer la acción de triple daño hasta que la orden de reembolso adviene final y firme. El recurrente afirma que el punto de partida es el que ·expresa literalmente el estatuto en el Art. 8(h) citado: la fecha de la orden de reembolso.

■ La Ley de Alquileres Razonables distingue entre dos situaciones diferentes ·que es importante reconocer para fines de la computación del plazo de caducidad. La primera se describe en el Art. 8(a) y se refiere a los casos en que el arrendador ha cobrado un canon en exceso del fijado previamente por el Departamento de Asuntos del Consumidor. La segunda, cubierta por el Art. 8(b), abarca los casos en que el Departamento no ha fijado ·el alquiler, determina más tarde que se ha estado cobrando un canon excesivo y ordena el correspondiente reembolso. En el primer caso ·el término de un año comienza a transcurrir desde la fecha del pago del sobreprecio. *Eisele* v. *Orcasitas*, 84 D.P.R. 360 (1962) ; *Vargas* v. *Sánchez*, 79 D.P.R. 801, 813 (1957). La modalidad envuelta en el caso de autos es la segunda.

---

(1) Los incisos (a) y (b) a que se refiere la disposición citada estatuyen:

"(a) El propietario que cobre o reciba de su inquilino una cantidad en exceso del alquiler máximo fijado por el Administrador deberá devolver dicho exceso a su inquilino dentro de los 30 días siguientes a ser requerido para ello, por escrito, por el inquilino o por el Administrador.

"(b) En aquellos casos en que el Administrador reduzca un alquiler incluyendo reembolso al inquilino, el propietario deberá llevar a efecto el reembolso dentro de los 30 días siguientes a la fecha de la orden de reembolso."

La jurisprudencia ha expresado reiteradamente la norma que rige este segundo tipo de caso. En *Peñagarícano, Admor. v. Trib. Superior*, 81 D.P.R. 877, 895, escolio 8 (1960), dijimos: ". . . la orden en este caso fue una de reducción de alquiler con reembolso al inquilino . . . comenzando a contarse en tales casos el período prescriptivo para la interposición de la demanda a partir de la fecha de la orden de reembolso." Véase: *Vargas*, supra, 810.

La Ley Federal de Alquileres de 1947, c. 163, Title II, s. 205, 61 Stat. 199, que contiene lenguaje similar al que nos ocupa, ha sido interpretada en modo análogo. En *Woods* v. *Stone*, 333 U.S. 472, 478 (1948), el Tribunal Supremo de Estados Unidos dictaminó terminantemente: "Resolvemos que el año para la presentación de la acción comenzó a contar desde la fecha del incumplimiento de la obligación de reembolso . . . ." No ha habido modificación a la regla de *Woods*.

La orden de reembolso se dictó en este caso el 19 de marzo de 1973. La acción de triple daño se radicó el 31 de diciembre de 1975, cuando había caducado conforme el estatuto. Ni la ley ni su historial legislativo autorizan la extensión del plazo de caducidad para cubrir el tiempo que tarde una acción para revisar la validez de la orden. Por lo contrario, el Art. 7(c), 17 L.P.R.A. sec. 187(c), dispone que una solicitud de reconsideración o la interposición del recurso de revisión de la orden no suspenderá los efectos de la misma. Es cierto que el patrón estatutario puede exigir que se tomen las medidas procesales correspondientes, en aquellos casos en que no se haya resuelto la validez de la orden impugnada, para evitar decidir el pleito de triple daño antes del de la revisión de la orden, pero esta inconveniencia no nos autoriza a variar el mandato legislativo.

La caducidad de una acción de triple daño no significa, del otro lado, que el casero queda relevado de la obligación de devolver, sin penalidad basada en el sobreprecio, los cánones cobrados en exceso. Esta acción de reintegro no

prescribe excepto por el transcurso del término de cinco años que señala el Art. 1866 del Código Civil, 31 L.P.R.A. sec. 5296. Véanse conjuntamente a *Eisele* v. *Orcasitas*, 84 D.P.R. 360, 365 (1962); *Peñagaricano, Administrador* v. *Tribunal Superior*, 81 D.P.R. 877, 893–894 (1960) y *Agulló* v. *ASERCO*, 104 D.P.R. 244 (1975). El recurrente en este caso no está obligado a pagar daños triples, pero sí a devolver a la inquilina las rentas cobradas en exceso, más honorarios de abogado y las costas.

Vista nuestra conclusión sobre el primer planteamiento del recurrente es innecesario discutir su ataque a la constitucionalidad de la acción de triple daño. Sobre este particular, véanse: *United States* v. *Bize*, 86 F.Supp. 939 (D.C. Neb. 1949); *United States* v. *Gianoulis*, 183 F.2d 378 (3rd Cir. 1950); *United States* v. *Mitchell*, 86 F.Supp. 453 (D.C. Mo. 1949).

*Por las consideraciones expuestas se devuelve el caso al Tribunal Superior para la modificación de la sentencia conforme a los principios aquí expresados.*

El Juez Asociado Señor Rigau no participó.