**REDWITZ et al. v. FORD MOTOR CO.**
No. 1267.

United States District Court
W. D. Kentucky, at Louisville.
Aug. 23, 1948.

Edwin C. Willis and Luther M. Roberts, both of Louisville, Ky., for plaintiffs.

Charles W. Milner and B. Hudson Milner, both of Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

This action, instituted by approximately 1,500 plaintiffs for themselves and on behalf of all other present and former employees of the defendant similarly situated, seeks to recover overtime compensation, liquidated damages, and attorneys fees under the Fair Labor Standards Act, Title 29 U.S.C.A. § 216(b).

The amount of the alleged unpaid overtime compensation due the original plaintiffs is $2,887,500, for the period beginning October 24, 1938, when the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., became effective, and extending to the date of the institution of this action, January 2, 1947.

It is alleged that the defendant, while engaged in interstate commerce and in the production, manufacture, sale and distribution of goods for interstate commerce, violated Section 7(a) of the Fair Labor Standards Act by employing plaintiffs for work weeks longer than the work week permitted by the Act.

The violations are—

(1) Requiring or suffering the plaintiffs to be at their respective places of work on the premises of the defendant substantial periods of time prior to the period of scheduled time and to remain there after their scheduled quitting time and that during the hours before and after the scheduled hours, plaintiffs were required to walk to time clocks, located at various places, to punch the clocks and to walk from the time clocks to their respective places of work.

(2) Changing into work clothes, obtaining required equipment and storing their street clothes and after the scheduled work hours, changing back from the work clothes to street clothes and again storing the working clothes and all equipment.

(3) Obtaining equipment, reports, orders and tools and making other necessary preparations for starting work and after the close of the work day, in returning the equipment, reports, orders and tools to the various places on defendant's premises.

(4) Requiring plaintiffs to engage in work during their scheduled lunch and rest periods.

(5) Waiting for payment of their wages at times and places designated by defendant.

(6) Reporting to the Labor Relations Office of the defendant and to First Aid and Medical offices.

Subsequently, and on January 17, 1947, approximately 450 of the plaintiffs dismissed without prejudice their respective claims.

Defendant filed its motion to dismiss the complaint on the grounds—

1. That the complaint failed to allege facts which would impose upon defendant any liability or render the claims compensable under the Fair Labor Standards Act, as amended by the Portal-to-Portal Act of 1947, 29 U.S.C.A. §§ 201 et seq., 251 et seq.

2. Lack of jurisdiction in this Court over the subject matter in such action.

3. Failure to state a claim upon which relief could be granted.

March 29, 1948, plaintiffs filed an amendment to the complaint under which it was alleged that during the period of time referred to in the complaint, the defendant had entered into certain contract or contracts with the United States, and its various agencies, for the production of goods, materials and supplies and that plaintiffs were employed by defendant in the discharge of such contracts under the terms of which defendant agreed to pay the plaintiffs time and one half for overtime work under the Fair Labor Standards Act.

Defendant's motion to dismiss is directed at the complaint as amended.

Plaintiff's brief consists of 89 pages and is directed solely to the contention that the Portal-to-Portal Act is unconstitutional, because it contravenes the Fifth Amendment to the Federal Constitution in that it deprives plaintiffs of property and vested rights without due process of law and is "patently arbitrary and unreasonable."

Sections 9 and 11 of the Portal-to-Portal Act were held constitutional by the Circuit Court of Appeals of this Circuit in the case of Rogers Cartage v. Reynolds, 166 F.2d 317, an appeal from this Court.

Subsequently, on August 2, 1948, the Circuit Court in the case of Fisch et al. v. General Motors Corporation and Bateman et al. v. Ford Motor Company, 6 Cir., 169 F.2d 266 discussed and decided adversely to plaintiffs' contentions, all of the points urged by them in support of their claim that the Act is unconstitutional.

Many cases from the District Courts are to the same effect. See Boehle v. Electro. Metallurgical Company, D.C.Or., 72 F.Supp. 21; Role v. Neils Lumber Company, D.C.Mont., 74 F.Supp. 812; Moeller et al. v. Eastern Gas & Fuel Associates, D.C.Mass., 74 F.Supp. 937; Holland et al. v. General Motors Corporation, D.C. N.Y., 75 F.Supp. 274. See this Court's opinion in the case of Brown et al. v. Consolidated Vultee Aircraft Corporation, 80 F.Supp. 257.

The motion of the defendant to dismiss the complaint is sustained and an order to that effect will be presented by Counsel for the defendant, on notice to Counsel for plaintiffs.