**REYNOLDS et al. v. ROGERS CARTAGE CO.**

No. 916.

District Court, W. D. Kentucky, at Louisville.

May 22, 1947.

Paul Keith, Jr., and Jones Keith & Jones, all of Louisville, Ky., for complainant.

Stanley B. Mayer, of Louisville, Ky., and David Axelrod, of Chicago, Ill., for defendant.

SHELBOURNE, District Judge.

This suit was filed by the complainant Thomas Reynolds for himself and for the benefit of twenty-one other complainants similarly situated, all of whom were truck drivers employed by Rogers Cartage Company during the period beginning with the work week ending April 22, 1944, and concluding with the work week ending May 5, 1945.

By written stipulation between counsel, it was agreed that this case should be prosecuted to final judgment by Thomas Reynolds and that such judgment as might be finally rendered upon his claim would

be controlling as to the claims of the remaining twenty-one complainants for whose benefit Reynolds filed the action.

The defendant, employer of Reynolds, is a common carrier by motor vehicle transporting property for hire in interstate commerce and is qualified as a common carrier in Kentucky under the Motor Transportation Department.

During the period involved in this action, the entire business at the Louisville office of the defendant was transportation of grain alcohol in bulk, which was transported on trucks equipped with tanks.

The suit is filed under § 216(b) Title 29 U.S.C.A., Fair Labor Standards Act, to recover at the rate of time and one-half for all of the hours in each week worked by Reynolds in excess of forty hours and to recover a similar amount as liquidated damages and attorneys' fees.

The defendant interposed three defenses:

(1) It denied that transportation constituted production of goods for commerce contemplated by § 202(a) of the Fair Labor Standards Act, 29 U.S.C.A.

(2) That by section 213(b) (1) Reynolds was specifically exempt from the overtime provisions of section 207 of the Act, because he was an employee with respect to whom the interstate Commerce Commission had the power to establish qualifications and maximum hours of service under the provisions of the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq.

(3) That Reynolds' employment was specifically subject to the jurisdiction of the Interstate Commerce Commission by provisions of the Transportation of Explosives Act Sections 382–386 Title 18 U.S. C.A., and that this exemption attended both during the time Reynolds was engaged in trips to and from Kentucky and other States and while engaged in transporting alcohol entirely within the State of Kentucky.

### Findings of Fact

(1) The plaintiff Reynolds was an employee of the defendant Rogers Cartage Company during the period beginning April 20, 1944 and ending May 5, 1945, during all of which time he was a driver of motor vehicles used by the defendant in transporting petroleum and petroleum products and alcohol in bulk, in tank trucks over irregular routes, from, to, and between points in Wisconsin, Missouri, Alabama, Tennessee, Indiana, Ohio, Illinois and Kentucky, and from various distilleries in the State of Kentucky, to the Carbide & Carbon Chemicals Corporation located in Louisville, where grain alcohol was processed into butadiene. This butadiene was piped from the Carbide & Carbon Chemicals Corporation to the Dupont Synthetic Rubber Company and the B. F. Goodrich Company and there processed into synthetic rubber and sent to various rubber plants located throughout the United States.

(2) The complainant, Reynolds, during the period of time involved in this action, drove motor vehicles for the defendant both in interstate and intrastate commerce.

During the weeks in 1944 ending upon the following dates: April 29, May 13, May 20, May 27, July 8, August 12, August 19, August 26, November 4, November 18, November 25, December 2, December 9, December 16, and two weeks in 1945 ending January 25, and February 3 (sixteen weeks), Reynolds was engaged a portion of his work week in interstate transportation. In all of the remaining weeks during the period involved, the transportation was entirely within the State of Kentucky.

(3) The defendant is a common carrier of property by motor vehicle and during the period involved operated a schedule which fluctuated from day to day, its operation being largely directed by an Alcohol Committee set up by the War Production Board in connection with the Office of Defense Transportation.

None of the equipment operated by defendant and none of its employees were assigned regularly or specifically to interstate or intrastate trips. The defendant had no actual connection with the manufacture of, and owned no interest of any kind in, the alcohol transported.

(4) The defendant required plaintiff and other drivers to take the medical examination and otherwise qualify in accordance with the safety rules and regulations promulgated by the Interstate Commerce Commission, and in its operations it made out

drivers' daily logs, showing driving time, and time off duty of all drivers and reported accidents in accordance with rules of the 'Commission.

The equipment operated by defendant was in conformance with the requirements of the Interstate Commerce Commission and during the period involved defendant maintained a terminal at Louisville, where its drivers were more or less stationed and during the period involved seventy-five percent of its entire operation and business was in interstate commerce and in excess of fifty percent of its business conducted at its Louisville terminal moved in interstate commerce.

(5) During fifty-three of the fifty-five weeks of the period involved herein, plaintiff Reynolds worked in excess of forty hours, for which he was not paid overtime as provided by § 207 Title 29 U.S.C.A. Reynolds was paid as required by collective bargaining agreement providing for payment on the basis of mileage driving in accordance with the terms of a directive order of the National War Labor Board dated February 7, 1944, such collective bargaining agreement having been negotiated by the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A. F. of L. Local Union No. 89.

During the weeks involved, Reynolds did not work in excess of ten hours in any day without having had eight hours off duty and otherwise both plaintiff and defendant complied with regulations promulgated by the Interstate Commerce Commission with respect to drivers for common carriers of property engaged in interstate commerce.

(6) During all of the time involved, plaintiff was employed as a driver and all of his duties substantially affected the safety of operation and equipment.

### Conclusions of Law

I. During each and all of the sixteen weeks enumerated in Findings of Fact No. 2, plaintiff and the defendant were engaged in the transportation of property by motor carrier in interstate commerce, as provided by part II of the Interstate Commerce Act, § 302(a), Title 49 U.S.C.A. United States v. American Trucking Ass'n, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345; Southland Co. v. Bayley, 319 U.S. 44, 63 S.Ct. 917, 87 L.Ed. 1244; Boutell v. Walling, 327 U.S. 463, 66 S.Ct. 631, 90 L.Ed. 786; Levinson v. Spector Motor Service, 67 S.Ct. 931; Plunkett v. Abraham Bros., 6 cir., 129 F.2d 419.

II. During the remaining thirty-nine weeks of the period involved herein, the plaintiff Reynolds in transporting the alcohol from the various distilleries within the State of Kentucky to the Carbide & Carbon Chemicals' Corporation was engaged in production of goods for commerce as provided by § 7(a) of the Fair Labor Standards Act, § 207(a), Title 29 U.S.C.A. Walling, Adm'r v. Morris, 6 Cir., 155 F.2d 832, certiorari granted 67 S.Ct. 1091; Boutell v. Walling, 327 U.S. 463, 66 S.Ct. 631, 90 L.Ed. 786; Walling v. Mutual Wholesale Food & Supply Co., 8 Cir., 141 F.2d 331; Griffin Cartage Co. v. Walling, 6 Cir. 153 F.2d 587.

III. For each of the hours worked by the plaintiff Reynolds during said thirty-nine weeks in excess of forty hours, he is entitled to be paid at the rate of one and one-half time his regular rate of pay and as shown by the schedule filed as Appendix "A" to the written stipulation filed by the parties herein May 2, 1946, and to an additional equal amount of said overtime compensation as liquidated damages and to a reasonable attorney's fee to be herein allowed by the Court, and the costs of this action, as provided by § 216(b) Title 29 U.S.C.A.

IV. During the sixteen weeks of the period involved and enumerated in Findings of Fact No. 2, the plaintiff was exempt under § 13(b) (1) of the Fair Labor Standards Act from the overtime provisions of Section 7 of that Act, because during said weeks defendant was engaged as a common carrier in the transportation of property in interstate commerce, as provided by § 302(a) Title 49 U.S.C.A.

V. The Transportation of Explosives Act, § 383 Title 18 U.S.C.A., limits the right of the Interstate Commerce Commission to formulate regulations for the

safe transportation of explosives and other dangerous articles to common carriers engaged in interstate or foreign commerce.

During the thirty-nine weeks in which Reynolds was transporting alcohol from various distilleries in the State of Kentucky to the distribution point in Louisville in the State of Kentucky, he was "engaged in the production of goods for commerce" as provided by the Fair Labor Standards Act, and was not subject to the regulations of the Interstate Commerce Commission with respect to qualifications and hours. While so engaged, the provisions of Section 7 of the Fair Labor Standards Act, with respect to hours worked and overtime prevailed.

## Discussion

In the case of Levinson v. Spector Motor Service, supra, the history of the development of the congressional safety program in interstate commerce up to and including the enactment in 1935 of the Motor Carrier Act and the Fair Labor Standards Act in 1938 is fully set forth, and the cases decided by that Court construing the two acts are reviewed. The Court there said [67 S.Ct. 943]: "In harmony with our decision in United States v. American Trucking Ass'ns, supra, and of the Interstate Commerce Commission in Ex Parte No. MC–28, 13 M.C.C. 481, we recognize that the Commission has such power over all employees of such carriers whose activities affect safety of operation and that the Commission does not have such power over employees whose activities do not affect safety of operation. In the American Trucking Associations case it was not determined that it was necessary for any employee to devote all, or any precise share of his working time or of his activities, to a particular class of work in order for such class of work to be held to affect safety of operation."

■ The Court further said that the jurisdiction of the Interstate Commerce Commission over safety operations was not dependent upon whether or not the employee spent the larger or smaller fraction of his time or activities in work involving safety of operation and equipment, but it is by inference there determined that the unit of time which should determine whether the employee is under the supervision of the Interstate Commerce Commission or under the Fair Labor Standards Act is the work week and the rule is there stated to be that "Under the Motor Carrier Act, the Interstate Commerce Commission has power to establish qualifications and maximum hours of service for those employees whose service affects the safety of transportation, of common carriers, contract carriers or private carriers of property in interstate and foreign commerce."

This case is an illustration of the overlapping of the jurisdiction of the Administrator of the Wage and Hour Division with that of the Interstate Commerce Comission as to maximum hours of service. It is in the evidence in this case that defendant was prosecuted for violation of the Motor Carrier Act, for permitting one or more of its employees to be on duty more than ten consecutive hours without the requisite eight hour period of rest. This might well occur. Under the Fair Labor Standards Act, an employee engaged in the production of goods for commerce, though driving entirely within the State of Kentucky, might, without violating the provisions of the Fair Labor Standards Act, work twenty consecutive hours out of a period of twenty-four and might continue this practice over several days during a work week, so long as the driver was compensated by payment of time and one-half of his regular pay, for all hours in excess of forty hours. But should the occasion arise, that the same driver on some day in that week should make a trip in interstate commerce, the employer would thereby put himself within the terms of the Motor Carrier Act for the entire week.

■ The driving of a truck entirely within the State of Kentucky, which the plaintiff Reynolds did, in transporting the alcohol from the various distilleries constituted "production of goods for commerce." Walling v Morris, supra; West Kentucky Coal Co. v. Walling 6 Cir., 153 F.2d 582; Walling v. Mutual Wholesale Food & Supply Co., supra; Griffin Cartage Co. v. Walling, 6 Cir., 153 F.2d 587.

So long as the work week continues to be the unit which determines whether the employee is operating under the supervision

of the Interstate Commerce Commission or under the Fair Labor Standards Act, there may be the overlapping or impingement which the Supreme Court says Congress has undertaken to avoid.

The underlying distinction is that in one instance the employee is engaged in the transportation of commerce between the states and in the other instance he is engaged in the production of goods for commerce entirely within the state. In the first instance, during any week in which he performs any duties which substantially affect safety of operation or equipment upon the highways, he is under the supervision of the Interstate Commerce Commission "regardless of the proportion of his working time that may have been devoted to this activity or other activities in that particular week."

So long as he does not cross the boundary of the state, he is by reason of his activities subject to the supervision of the Administrator of the Wage and Hour Division of the Department of labor. So long as the work week remains the unit upon which his classification is to be determined, this overlapping of the authority between the two federal agencies may exist.

The Supreme Court, in the opinion in the Levinson v. Spector Motor Service, supra, has not indicated that the work week should not continue to be the determining factor as to time.

Complainants' counsel will tender judgment in accordance with this memorandum within ten days from this date.