## BOEHLE v. ELECTRO METALLURGICAL CO.

### Civil Action No. 3412.

District Court, D. Oregon.
June 9, 1947.

Harry George, Jr., and William A. Babcock, Jr., both of Portland, Or., for plaintiff.

Gunther Krause, of Portland, Or. (of Krause & Evans of Portland, Or.) for defendant.

McCOLLOCH, District Judge.

The Portal-to-Portal Act of 1947, 29 U.S. C.A. §§ 251–263, is a case of "chickens come home to roost."

In 1932 Congress passed the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., which withdrew jurisdiction from Federal Courts to issue injunctions in labor disputes.

Now, Congress has withdrawn jurisdiction from Federal Courts to consider labor claims of the Portal-to-Portal type.

Both the Norris-LaGuardia Act and the Portal-to-Portal Act were put in terms of restricting jurisdiction "to avoid constitutional questions." Both are procedural devices to avoid face-to-face conflict with substantive issues. Both are bad in principle; for, if on rising tides of public opinion the jurisdiction of Federal Courts can be tinkered with to suit the passions of the hour, the independence of the courts will be gravely impaired. The average judge will not venture outside old and well-charted waters, if he knows that Congress may revoke jurisdiction in the case, if dissatisfied with the way it is decided.

In short, jurisdiction of the courts should not be a legislative football.

Despite this view, I do not see how a Federal District Judge could hold this most recent tampering with jurisdiction to be unconstitutional, while at the same time upholding the constitutionality of the Norris-LaGuardia Act, as is required by countless decisions over the last fifteen years, including decisions of the Supreme Court.

So, this case and others of the Portal-to-Portal type that have been assigned to me will be dismissed for want of jurisdiction.