**HORNBECK et al. v. DAIN MFG. CO., and five other cases.**

**Civ. Nos. 134–139.**

District Court, S. D. Iowa,
Ottumwa Division.

Sept. 25, 1947.

---

Edmund Hatfield (of Meyers, Meyers & Rothstein), of Chicago, Ill., and Samuel O. Erhardt, of Ottumwa, Iowa, for Hornbeck and others.

Edward J. Dahms, of Cedar Rapids, Iowa, for Hobbie and others.

Wayne G. Cook, of Davenport, Iowa, and Jones & White, of Ottumwa, Iowa, for Dain Mfg. Co. and others.

Robert Valentine, of Centerville, Iowa, for Batavia Metal Products Co. and another.

DEWEY, District Judge.

The above entitled actions came on for hearing in open court at Ottumwa, Iowa, on the 17th day of September, 1947, upon motions by the defendants in each case to dismiss on the grounds as authorized by Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that the court is without jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted.

The motions are supported by affidavits and, under that situation, the motions should probably be treated as motions for summary judgments.

The actions seek to recover overtime compensation for services alleged to have been performed by the plaintiffs in preparation for, and being on the premises before and after scheduled times to work. They are definitely and solely actions to recover on what has come to be known as claims for portal to portal pay.

Since the institution of these actions the Congress has passed the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., which amends the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and withdraws from the court jurisdiction of the subject matter in these actions. Section 2 of that Amendment, among other things, provides:

"(a) No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended * * * (in any action or proceeding commenced prior to or on or after the date of the enactment of this Act), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to the date of the enactment of this Act, except an activity which was compensable by either —

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, * * * or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, * * *."

It is therefore very apparent that as the conditions provided for in (1) and (2) of Section 2 are not relied upon as a part of the claims of the plaintiffs, the activities for which compensation is sought to be recovered are barred by these provisions as against the employer.

Plaintiffs do not seriously contend that the Portal-to-Portal Act does not so withdraw such jurisdiction and claims, but contends principally—

1st, that the court should not summarily dismiss the actions but should hear the evidence as a proper procedure in these cases; and,

2nd, that the withdrawal of jurisdiction and modification of the Fair Labor Standards Act by the Congress is unconstitutional as depriving plaintiffs of rights theretofore vested in them by the Congress, and because it deprives the courts of constitutional rights.

■ The rule of dismissal by motion has been stated as follows: "In view of the means which the Rules of Civil Procedure afford a defendant to obtain a speedy disposition of a claim which is without foundation or substance, * * * by moving for a summary judgment under Rule 56 [28 U.S.C.A. following section ·723c], we think there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302, 306. And see Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411.

While this rule is salutary, it is the duty of the court where it appears to a certainty that a claim cannot be established, to dismiss the proceeding rather than require long and expensive litigation.

■ And the same result obtains if we consider, as I think we should, in the light of the fact that the defendants have filed affidavits to support their motions, and the plaintiffs have not seen fit to file any affidavits, that the proceeding is one for a summary judgment; and, considering the facts stated in the supporting affidavits, the actions will have to be dismissed.

■ It is fundamental that it is not the name of a pleading but its contents that determine its character.

It is also noticeable that the amendment to Rule 12, which will be in effect in an-other month or so, provides that where an affidavit is filed with a motion to dismiss that such a motion should be considered as a motion for a summary judgment.

Plaintiffs have not filed any affidavits in resistance to the facts stated in the affidavits filed with the motions to dismiss, and in argument make no claim that they can or will, if given an opportunity, plead or add to their claim by statements covering the conditions in Section 2 of the Amendment. But they do state that they think the court should permit the actions to be tried as it might develop from the evidence that a justiciable claim might be established.

As far as the procedure is concerned, I think the motions with supporting affidavits are sufficient to warrant the court in dismissing the actions. The Circuit Court of Appeals of this Circuit has approved a dismissal on motion in Kendall v. Keith Furnace Co., 162 F.2d 1002.

■ I am unable to agree that the Act deprives the plaintiffs of vested rights.

■ Where Congress confers rights by statute it may take them away at any time, even where such rights have accrued and proceedings have been commenced to enforce them. See Burfeind v. Eagle-Picher Co. of Texas, D.C., 71 F.Supp. 929, and the cases therein cited by Judge Atwell. Also, Boehle v. Electro Metallurgical Co., D.C., 72 F.Supp. 21; and Norman v. Baltimore & O. R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352. And the Court of Appeals of this Circuit has recognized the Portal-to-Portal Act as a valid amendment to the Fair Standards Act. Kendall v. Keith Furnace Co., supra.

Also, I am satisfied that the Supreme Court of the United States has confirmed the actions of the Congress in limiting the jurisdiction of the federal courts by statute. Congress has done this in labor dispute cases; controversies to determine rates of public utilities; and with reference to assessment and taxation by the State authorities.

■ It follows that each of the actions enumerated in the caption should be and they are hereby dismissed on the grounds that the court does not now have jurisdic-

608

tion over the subject matter and for failure to state a claim upon which relief can be granted.

Plaintiffs in each action except.