## MAY et al. v. GENERAL MOTORS CORPORATION.

### Civil Action No. 3081.

District Court, N. D. Georgia, Atlanta Division.

Oct. 17, 1947.

Poole, Pearce & Hall and Ernest Goodman, all of Atlanta, Ga., for plaintiff.

Neely, Marshall & Greene, of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

In view of the stipulation entered into in this case, to the effect that, (1) there was no contract, oral or written, providing for the payment of any sum of money to the employees for the activities for which suit is brought, and (2) there was no custom or practice at the establishment to pay for these activities, thus bringing the present suit expressly within the prohibition of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., the only question for determination is whether the Act is constitutional. If constitutional, the dismissal of this action is required under the terms of the Act. In the consideration of the question the Court has had the benefit of able briefs filed by the respective counsel in which this question has been thoroughly considered and discussed, and the appropriate authorities brought to the attention of the Court. However it is not conceived that any extended discussion or citation of authorities could serve any useful purpose. The question to be determined is pending in numerous Federal jurisdictions throughout the United States and can be ultimately settled only by an authoritative ruling of the appellate courts, and the Supreme Court will doubtless enter the final pronouncement. In these circumstances, it seems necessary only for this Court to state its conclusion and give the reason which impels it, without any effort to make a pronouncement on other questions which will doubtless arise and be passed upon in such final determination of the question.

The moral or legislative propriety of the enactment, while heavily stressed, is not a matter for judicial determination. The Portal-to-Portal Act of 1947 is adjudged to be within the sphere of legitimate Congressional action and is constitutional. This determination results from a consideration of the subject matter of the original and amended legislation, and the constitutional power exercised by The Congress in such enactments. It may be well to remember, what is so frequently overlooked in argument upon this question, that while the question of a permissible minimum wage and overtime compensation are the end result of the original Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., so far as all civil litigation has been concerned, these features find support only in the constitutional power of The Congress to regulate interstate commerce. Thus in a constitutional sense, the provisions with reference to minimum

wages and overtime compensation are in essence only a means adopted by The Congress for the protection and regulation of interstate commerce, and regardless of the language employed as to the rights of employees and the liability of employers under the Fair Labor Standards Act of 1938, each binding judicial pronouncement is bottomed upon this principle. Clearly then, the rights sought to be barred by the Portal-to-Portal Act of 1947 are those which had accrued under regulations The Congress determined appropriate and necessary for the protection and regulation of interstate commerce, and existed only because of such legislative declaration. However in such field The Congress in fulfillment of its constitutional obligation to properly regulate commerce, was not barred from effecting a change in the requirements deemed necessary to so protect and regulate it, and, on the contrary, was constitutionally empowered to enact such measures as were deemed necessary to carry out such constitutional obligation. Thus viewed, and as the question appears to this Court, the obligation or rights, or whatever the theretofore existing right of recovery might be denominated, was subject to change or abrogation. Such a right, in the nature of the case, being founded on the power of The Congress to regulate commerce, is in substance sui generis, and does not become subject to any of the juridical principles applicable to contractual rights, vested rights, or purely statutory rights.

■ It may be remarked at this point, however, that the regulation does not seek to destroy any contract rights, for where the activities are compensable by contract or custom, recovery is still permitted. It is concluded that in principle the question here involved is ruled by the reasoning of Norman v. Baltimore & O. R. Co., 294 U. S. 240, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352, and to paraphrase the language of the

decision there, it would appear true that where rights arise from provisions of the Statute, finding its constitutional basis solely in the power of The Congress to regulate interstate commerce, they have a congenital infirmity which renders such rights subject to change by subsequent exercise of the paramount power which in the original instance gave them birth. The conclusion is also clearly demanded by the principle ruled in Louisville & N. R. Co. v. Mottley, 219 U.S. 467, 31 S.Ct. 265, 55 L. Ed. 297, 34 L.R.A.,N.S., 671, and Philadelphia B. & W. R. Co. v. Schubert, 224 U.S. 603, 32 S.Ct. 589, 56 L.Ed. 911. It is true that in the latter two cases the Court was dealing with vested rights under contracts as being subject to divestment by the Congressional exercise of its power to regulate commerce, but it is not perceived that such a private contract under well established constitutional principles had any less potency (if indeed it did not have a higher standing) than a right arising from a one-time exercise of such power.

■ It is not deemed necessary to deal with the provisions of the Portal-to-Portal Act professedly withdrawing jurisdiction from this Court of the present proceeding, but it seems clear that under the provisions of the Act as a whole, there is no withdrawal of jurisdiction as such, but merely a denial of jurisdiction to enforce liability in the event the prohibitory conditions set forth by the Act are established, for the Court must make inquiry to determine whether such prohibitory provisions are existent. Under the circumstances here agreed, it is clear that such prohibitory conditions are existent, and it being determined that the enactment is constitutional, it necessarily follows that the complaint as amplified by the stipulation does not state a valid claim or one within the jurisdiction of this Court, and accordingly it must be, and the same hereby is, dismissed.