## MOELLER et al. v. EASTERN GAS & FUEL ASSOCIATES.

### Civil Action No. 6281.

District Court, D. Massachusetts.

Dec. 22, 1947.

Stanley M. Epstein, of Boston, Mass., Samuel Gruber, of Stamford, Conn., and Bernard Jaffee, of New York City, for plaintiff.

James S. Eastham, C. Russell Walton, John A. Gage, William M. Brady, and Jose de Varon, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

There are before me the defendant's motions to strike and to dismiss. It is unnecessary to pass on the first motion since I am of the opinion that the motion to dismiss must be granted for want of jurisdiction.

The plaintiffs, some 571 in number, filed suit in December, 1946, through certain designated agents and representatives to recover overtime compensation, liquidated damages and attorneys' fees under the Fair Labor Standards Act of 1938, 29 U. S.C.A. § 201 et seq. The complaint was one of many filed in courts all over the country attendant on the decision of the Supreme Court of the United States in the Jewell Ridge and Mt. Clemens cases. Jew-

ell Ridge Coal Corporation v. Local No. 6167, United Mine Workers of America, 325 U.S. 161, 897, 65 S.Ct. 1063, 1550, 89 L.Ed. 1534, 2007; Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515.

In May, 1947, Congress enacted the Portal-to-Portal Act of 1947, 29 U.S.C.A. §§ 216, 251 et seq., amending the Fair Labor Standards Act of 1938. Section 2(a), (b), (c), (d), of the Act withdrew from the courts jurisdiction of any action to recover overtime compensation for activity which was not compensable by either (1) an express provision of a written or non-written contract or, (2) a custom or practice at the employee's establishment at the time of such activity not inconsistent with a written or non-written contract.

The plaintiffs' complaint does not allege that the work, for which recovery in an amount exceeding $6,000,000 is now sought, fell within either category of Section 2 of the Act. Defendant filed the affidavit of one of its officers in support of the motion to dismiss, asserting that the activity in question here was not compensable either by contract or custom. Plaintiffs have not offered a counter affidavit but they have filed an exhaustive and able brief challenging the constitutionality of the Portal-to-Portal Act.

The constitutional arguments presented are the same arguments which have been advanced to District Courts in some sixteen[1] districts and uniformly rejected. It would serve no useful purpose to attempt to elaborate the previous decisions.[2] This Court has examined these decisions and is in complete agreement with them.

This Court has no jurisdiction to proceed in the face of the clear prohibition of the statute.

The motion to dismiss will be allowed unless plaintiffs, within fifteen days, seek leave to amend the complaint on a showing that they can conform their allegations to the jurisdictional averments essential to the maintenance of an action under the statute.

---

[1] California, (S.D.), Connecticut, Georgia (N.D.), Iowa, Maryland, Missouri (E. D. and W.D.), New York (N.D.), Oklahoma (N.D.), Oregon, Pennsylvania (W. D.), Tennessee (E.D.), Texas (N.D. and S.D.), Washington (W.D.), and Wisconsin (E.D.).

[2] Burfeind v. Eagle–Picher Co. of Texas., D.C., 71 F.Supp. 929; Story v. Todd Houston Shipbuilding Corporation, D.C., 72 F.Supp. 690; Cochran v. St. Paul and Tacoma Lumber Co., D.C., 73 F.Supp. 288; Sadler v. W. S. Dickey Clay Mfg. Co., D.C., 73 F.Supp. 690; Hart v. Aluminum Co. of America, D.C., 73 F. Supp. 727; Ackerman v. J. I. Case Company, D.C., 74 F.Supp. 639; Seese v. Bethlehem Steel Co., D.C., 74 F.Supp. 412.