## BLESSING et al. v. HAWAIIAN DREDG-ING CO., Limited, et al.

### Civ. A. No. 2045–47.

District Court of the United States for the District of Columbia.

Feb. 6, 1948.

Ward H. Oehmann, of Washington, D. C., for plaintiffs.

Francis J. Kelly, of Washington, D. C., for defendants.

McGUIRE, Associate Justice.

This is an action in the nature of contract predicated on the overtime and liquidated damage provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

The plaintiffs are individuals who were employed by the defendant corporations in construction work involving the dredging, extension, enlargement and improvement of harbor, and sea and land plane facilities etc., at Guam and Wake Island.

The plaintiffs bring this action on their own behalf and that of other employees of the same corporations similarly situated.

The defendants have filed a motion for summary judgment, and cite in support thereof Sec. 9 of Public Law 49, Eightieth Congress, the so-called Portal-to-Portal Act, approved May 14, 1947, 29 U.S.C.A. § 258, which provides as follows:

"Sec. 9. Reliance on part administrative rulings, etc. In any action or proceedings commenced prior to or on or after the

date of the enactment of this Act based on any act or omission prior to the date of the enactment of this Act, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healy Act, or the Bacon-Davis Act, if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States, or any administrative practice or enforcement policy of any such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect."

The plaintiffs contend that the administrative ruling of the former Chief of the Bureau of Yards & Docks of the Navy Department is not such an administrative ruling as would bring it within the meaning of Sec. 9, and if it should be held that it is, then the section is unconstitutional because it is violative of the Fifth Amendment in that it deprives plaintiffs of their "vested right" to overtime compensation and liquidated damages without due process of law.

There is no merit in either of these contentions. It cannot be gainsaid that the Chief of the Bureau of Yards & Docks speaks for the Secretary of the Navy, when functioning in this capacity. Title 5 U.S.C.A. §§ 429, 430–; secondly, the claim that the section thus construed is unconstitutional because it deprives plaintiffs of vested rights, is equally untenable. Norman v. Baltimore & O. R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352, and also generally: Seese v. Bethlehem Steel Co., D.C., 74 F.Supp. 412. Burfeind v. Eagle-Picher Co., D.C., 71 F.Supp. 929 and cases therein cited. See also: Boehle v. Electro Metallurgical Co., D.C., 72 F.Supp. 21. See also re Sec. 9; Semeria v. Gatto et al., Sup., 75 N.Y.S.2d 140, 142.

This being the view I take of the matter, the other questions raised of necessity become moot. Counsel will prepare proper orders.