## LOCKWOOD v. HERCULES POWDER CO.
### No. 4302.

District Court, W. D. Missouri, W. D.

Feb. 16, 1948.

Robert L. Robertson, Henry A. Rieder- er and Frederick J. Freel, all of Kansas City, Mo., for plaintiff.

Stevens & Brand, of Lawrence, Kan., and Madden, Freeman, Madden & Burke, of Kansas City, Mo., for defendant.

RIDGE, District Judge.

The Second Amended Complaint filed herein is redundant and replete with conclusions of law seeking to bring this representative action within the provisions of the "Portal-to-Portal Act of 1947", 29 U.S.C.A. § 251 et seq. Notwithstanding such effort, plaintiff in his brief in opposition to the alternative motion of defendant

to dismiss this action, or strike parts of the complaint, or to make certain parts thereof more definite and certain, attacks the constitutionality of such Act. We are satisfied, and shall remain so, until controlling authority should declare otherwise, that the Portal-to-Portal Act of 1947, is constitutional. Sadler v. W. S. Dickey Clay Mfg. Co., D.C., 73 F.Supp. 690, and cases therein cited.

■ The original complaint in this representative action, containing a single named plaintiff, was filed August 21, 1946. Prior to enactment of the Portal-to-Portal Act of 1947, the Court entered an order requiring plaintiff to specifically name the other employees on whose behalf he brought such action. (See order Jan. 2, 1947, 7 F.R.D. 24.) In his First Amended Complaint, filed March 4, 1947, plaintiff named two hundred fifteen (215) such employees. May 14, 1947, the Portal-to-Portal Act of 1947 became effective. (A full discussion of the provisions of such Act is not here attempted or intended.) The effect of Section 8 of said Act is that in each pending collective and representative action, an individual claimant, on whose behalf such action was brought, who is not "specifically named as a party plaintiff to the action prior to the expiration of one hundred and twenty (120) days after the date of the enactment of" such Act, shall be barred from recovery in such representative action, unless within the time specified such employee executes his "written consent" to become a party plaintiff to the action and the same is filed in the Court in which the action was brought. September 9, 1947, a Second Amended Petition was filed herein. Said Second Amended Petition contains the names, in the body thereof, of the two hundred fifteen (215) employees above referred to, and with respect to them plaintiff alleges that he "has been specifically authorized to and does bring this action, not only

for himself, but for" their benefit. Plaintiff does not allege that each such employee has executed a "written consent" to become a party plaintiff in this action, and no such "written consent" has been filed herein by or on behalf of any of said employees. In applying the statutory time limit to pending collective actions, Section 8, supra, makes a condition precedent to the continued maintenance of such actions on behalf of other employees the filing in Court of the "written consent" there required. Failure to file such "written consent" bars further maintenance and prosecution of representative actions, under the Fair Labor Standards Act of 1938, as amended by the Portal-to-Portal Act of 1947, on behalf of employees not named as plaintiffs. 29 U.S.C.A. §§ 201 et seq., 251 et seq. Therefore, defendant's motion to dismiss this action as to other employees, on whose behalf plaintiff alleges he brings this action, is sustained, on the eighteenth ground thereof.

■ As to plaintiff's alleged claim under the Fair Labor Standards Act, defendant's motion to make the Second Amended Complaint more definite and certain, is sustained, on the fourteenth, fifteenth, sixteenth and seventeenth grounds thereof. Plaintiff must allege facts, not conclusions of law, concerning such matters, so the Court can determine from the facts alleged whether plaintiff may maintain this action under the Fair Labor Standards Act, as amended. If plaintiff relies for recovery under the Executive Order No. 9240, 40 U.S.C.A. § 326 note, and has no claim under the Fair Labor Standards Act, then this Court has no jurisdiction of such claim. The requisite amount to give the Court jurisdiction of a claim dependent on Executive Order No. 9240, being a part of his contract of employment, would not be involved. See Crabb v. Welden Bro., 8 Cir., 164 F.2d 797.

It is so ordered.