**LEE et al. v. HERCULES POWDER CO.**

**BARKLEY et al. v. HERCULES POWDER CO.**

Nos. 9670, 9671.

United States Court of Appeals Seventh Circuit.

Jan. 21, 1949.

Alfred G. Goldberg and Padway, Goldberg & Previant, all of Milwaukee, Wis., for plaintiffs-appellants.

William J. P. Aberg, George G. Blake, and Aberg, Bell, Blake & Conrad, all of Madison, Wis., for defendants-respondents.

Tom C. Clark, Atty Gen., H. G. Morison, Asst. Atty. Gen., Charles H. Cashin, U. S. Atty., of Madison, Wis., Enoch E. Ellison, Sp. Asst. to Atty. Gen., and Johanna M. D'Amico, Atty., Department of Justice, of Washington, D. C., for the United States as Intervenor.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

PER CURIAM.

This appeal involves two suits instituted by the plaintiffs on behalf of themselves and all other employees similarly situated, to recover overtime compensation allegedly due under the provisions of the Fair Labor Standards Act of 1938, Act of June 25, 1938, Ch. 676, 52 Stat. 1060, as amended, 29 U.S.C.A. §§ 201–219. Claims asserted are for time spent before the scheduled starting time and after the scheduled waiting time on the premises of the defendant, in traveling and in preliminary preparation for productive work.

Upon the enactment of the Portal-to-Portal Act of 1947, Act of May 14, 1947, Ch. 52, 61 Stat. 84, 29 U.S.C.A. § 251–262, the defendant moved to dismiss the suits, which motion after a hearing was allowed and a judgment rendered, from whence this appeal comes.

The sole error which the plaintiffs urge as a basis for reversal is that the Portal-to-Portal Act is unconstitutional in that the plaintiffs are deprived of their property without due process of law, in contravention of the Fifth Amendment to the Constitution of the United States. Oral argument in this court was waived by the parties and the cause submitted upon written briefs. The United States of America by its Attorney General was granted leave to intervene and has filed a brief.

The constitutionality of the Act under attack has been sustained by three Circuit Courts of Appeals, and in two of such cases certiorari was denied by the Supreme Court. Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58; Battaglia v. General Motors, Inc., 2 Cir., 169 F.2d 254, certiorari denied by the Supreme Court, 69 S.Ct. 236; Fisch v. General Motors, Inc., and Bateman v. Ford Motor Co., 6 Cir., 169 F.2d 266, certiorari denied by the Supreme Court, 69 S.Ct. 405. A large number of District Courts have reached the same conclusion as is shown in the footnote, 168 F.2d at page 61, of the Seese case.

The constitutionality of the instant Act has been accorded such universal judicial approval that no good purpose could be served in discussing the attacks which are here made upon it. Every argument which the plaintiffs make has been rejected by the courts over and over again.

We agree that the Act is constitutional. The judgment appealed from is, therefore, affirmed.