**THOMAS et al. v. CARNEGIE–ILLINOIS STEEL CORPORATION and 14 other cases.**

Nos. 9603, 9602, 9604, 9605, 9644, 9645, 9674–9676, 9682, 9383, 9586–9588, 9686.

United States Court of Appeals Third Circuit.

Argued Oct. 22, 1948.

Decided March 15, 1949.

---

Charles J. Margiotti, of Pittsburgh, Pa. (Margiotti & Casey, of Pittsburgh, Pa., Marvin C. Harrison and William K. Thomas, both of Cleveland, Ohio, Harrison, Thomas, Spangenberg & Hull, of Cleveland, Ohio, and J. Alfred Wilner, of Pittsburgh, Pa., on the brief), for appellants in 9603, 9605, 9644, 9645, 9674, 9675, 9676, 9682, 9683, 9586, 9587.

Donald J. Farage, of Philadelphia, Pa. (Richter, Lord & Farage, of Philadelphia, Pa., Witt & Cammer, Milton Paulson and Victor Perlo, all of New York City, on the brief), for appellant in 9686.

Elder W. Marshall, Earl F. Reed and Leon E. Hickman, all of Pittsburgh, Pa. (William D. Armour, John W. Wishart, Reed, Smith, Shaw & McClay, J. Roland Johnston, and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., on the brief), for appellees in 9586, 9587, 9603, 9605, 9644, 9645, 9674, 9675, 9676, 9682, 9683.

William Dwight Whitney, of New York City (Philip H. Strubing and Evans, Bayard & Frick, all of Philadelphia, Pa., and Cravath, Swaine & Moore, of New York City, on the brief), for appellees in 9686.

Tom C. Clark, Atty. Gen., H. G. Morison, Asst. Atty. Gen., Enoch E. Ellison, Sp. Asst. to Atty. Gen., and Johanna M. D'Amico, Atty., Department of Justice, of Washington, D. C., on the brief for the United States in 9586, 9587, 9602, 9603, 9604, 9605.

Before BIGGS, Chief Judge, and GOODRICH, and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

These fifteen cases bring to the Third Circuit the questions concerning the constitutionality of the Congressional abolition of the portal to portal claims which have been so much before the courts the last two years. It is a safe statement, we think, that no legal question presented to the federal courts has had so wide an examination by the federal judiciary over so brief a time as this one. As might be expected, the process of argument and reargument, examination and reexamination, has clarified both the issues and the answers.

There have been forty-two reported District Court opinions discussing and upholding constitutionality,[1] if our count is accurate, and at least eighty-one additional decisions have reached the same result.

---

[1] Ackerman v. J. I. Case Co., D.C.E. D.Wis.1947, 74 F.Supp. 639; Adkins v. E. I. du Pont de Nemours & Co., D.C. N.D.Okl.1947, 13 CCH Labor Cases Par. 64,025; Alameda v. Paraffine Cos., Inc., D.C.N.D.Cal.1947, 75 F.Supp. 282; Babione v. Pure Oil Co., D.C.N.D.Ohio 1948, 16 CCH Labor Cases Par. 64,922; Blessing v. Hawaiian Dredging Co., D. C.D.C.1948, 76 F.Supp. 556; Boehle v. Electro Metallurgical Co., D.C.D.Or.1947, 72 F.Supp. 21; Bumpus v. Remington Arms Co., D.C.W.D.Mo.1947, 74 F. Supp. 788; Burfeind v. Eagle-Picher Co. of Texas, D.C.N.D.Tex.1947, 71 F. Supp. 929; Cardinale v. General Motors Corp., D.C.N.D.N.Y.1947, 76 F. Supp. 743; Cochran v. St. Paul & Tacoma Lumber Co., D.C.W.D.Wash.1947, 73 F.Supp. 288; Darr v. Mutual Life Insurance Company, D.C.S.D.N.Y.1947, 72 F.Supp. 752; Elting v. North American Aviation, Inc., D.C.D.Kan.1947, 13 CCH Labor Cases Par. 64,154; Ferrer v. Waterman Steamship Corp., D.C.D. Puerto Rico 1948, 76 F.Supp. 601; Fisch v. General Motors Corp., D.C.E.D. Mich.1948, 76 F.Supp. 178; Grazeski v. Federal Shipbuilding & Dry Dock Co., D.C.D.N.J.1948, 76 F.Supp. 845; Hart v. Aluminum Co. of America, D.C.W.D. Pa.1947, 73 F.Supp. 727; Holland v. General Motors Corp., D.C.W.D.N.Y. 1947, 75 F.Supp. 274; Hollingsworth v. Federal Mining & Smelting Co., D.C.D. Idaho 1947, 74 F.Supp. 1009; Hornbeck v. Dain Mfg. Co., D.C.S.D.Iowa 1947, 7 F.R.D. 605; Jackson v. Northwest Airlines, Inc., D.C.D.Minn.1948, 76 F. Supp. 121; Johnson v. Park City Consolidated Mines Co., D.C.E.D.Mo.1947, 73 F.Supp. 852; Lasater v. Hercules Powder Co., D.C.E.D.Tenn.1947, 73 F. Supp. 264; Lassiter v. Atkinson Co., D. C.N.D.Wash.1948, 7 W H Cases 816; Lee v. Hercules Powder Co., D.C.W.D. Wis.1948, 15 CCH Labor Cases Par. 64,700; Local 626 International Union United Auto, Aircraft and Agr. Implement Workers of America v. General Motors Corp., D.C.D.Conn.1947, 76 F. Supp. 593; Lockwood v. Hercules Pow-

The matter has also come, by this time, to our brethren in the Second, Fourth, Sixth, Seventh, Ninth and Tenth Circuits.[2] Eight of the cases in the first three Circuits mentioned were made the subjects of petitions for certiorari and in each case certiorari was denied.[3]

Up to now every decision has upheld the constitutionality of the statute. This unanimity of result represents as accurate an expression of the views of the federal judiciary as it is possible to obtain. In addition to this unanimity among District Courts and Courts of Appeals there is the uniform refusal of certiorari by the Supreme Court. We have been taught that a denial of certiorari does not mean Supreme Court approval of a Court of Appeals position. But in this particular situation where there have been eight denials involving the same constitutional question, we think that the series of denials is not without an implicit significance with regard to the Supreme Court's attitude upon the question involved.

■ The Second Circuit reviewed the constitutional issues in Battaglia v. General Motors Corp., 2 Cir., 1948, 169 F.2d 254. We cannot add anything new to the thorough discussion by Judge Chase for the court in that case. Nor can we improve upon his language. It would be mere pedantry, therefore, for us to go over the same ground again and we will not indulge in it.

■ Counsel for the appellants in the Molony case makes the point that his people are entitled to the benefits of the contract made between the employer and the United States in which the employer agreed to abide by all provisions of federal statutes affecting labor—pay, working conditions, etc. Counsel makes the point that this gives his clients rights based upon the contract in addition to rights under the statute. The point is not new. It was raised and answered unfavorably to the appellants' contention in Fisch v. General Motors Corp., 6 Cir., 1948, 169 F.2d 266, and we agree with the answer there given.

The judgments appealed from will be affirmed.

der Co., D.C.W.D.Mo.1948, 78 F.Supp. 716; McDaniel v. Brown & Root, Inc., D.C.E.D.Okl.1948, 14 CCH Labor Cases Par. 64,511; May v. General Motors Corp., D.C.N.D.Ga.1947, 73 F.Supp. 878; Moeller v. Eastern Gas & Fuel Associates, D.C.D.Mass.1947, 74 F.Supp. 937; Plummer v. Minneapolis-Moline Power Implement Co., D.C.D.Minn.1948, 76 F. Supp. 745; Quinn v. California Shipbuilding Corp., D.C.S.D.Cal.1947, 76 F. Supp. 742; Reid v. Day & Zimmerman, Inc., D.C.S.D.Iowa 1947, 73 F.Supp. 892; Redwitz v. Ford Motor Co., D.C. W.D.Ky.1948, 80 F.Supp. 265; Reynolds v. Rogers Cartage Co., D.C.W.D. Ky.1947, 71 F.Supp. 870; Role v. J. Neils Lumber Co., D.C.D.Mont.1948, 74 F.Supp. 812; Sadler v. W. S. Dickey Clay Mfg. Co., D.C.W.D.Mo.1947, 73 F. Supp. 690; Seese v. Bethlehem Steel Co., D.C.D.Md.1947, 74 F.Supp. 412; Smith v. American Can Co., D.C.E.D.Ill. 1948, 8 F.R.D. 112; Smith v. Colorado Fuel & Iron Corp., D.C.D.Colo.1948, 15 CCH Labor Cases Par. 64,755; Smith v. Cudahy Packing Co., D.C.D.Minn. 1947, 76 F.Supp. 575; Story v. Todd Houston Shipbuilding Corp., D.C.S.D. Tex.1947, 72 F.Supp. 690; Wan v. E. E. Black, Ltd., D.C.D.Haw.1948, 75 F. Supp. 553.

[2] Battaglia v. General Motors Corp., 2 Cir., 1948, 169 F.2d 254; Darr v. Mutual Life Ins. Co., 2 Cir., 1948, 169 F. 2d 262; Atallah v. B. H. Hubbert & Sons, 4 Cir., 1948, 168 F.2d 993; Seese v. Bethlehem Steel Co., 4 Cir., 1948, 168 F.2d 58; Fisch v. General Motors Corp., 6 Cir., 1948, 169 F.2d 266; Rogers Cartage Co. v. Reynolds, 6 Cir., 1948, 166 F.2d 317, 3 A.L.R.2d 1090; Lasater v. Hercules Powder Co., 6 Cir., 1948, 171 F.2d 263; Lee v. Hercules Powder Co., 7 Cir., 1949, 171 F.2d 950; Potter v. Kaiser Co., Inc., 9 Cir., 1949, 171 F.2d 705; Role v. Neils Lumber Co., 9 Cir., 1949, 171 F.2d 706; McDaniel v. Brown & Root, Inc., 10 Cir., 1949, 172 F.2d 466.

[3] Battaglia (Holland, Hilger, Casheba) v. General Motors Corp. (4 cases) 2 Cir., 1948, 169 F.2d 254, certiorari denied (4 cases) 1948, 335 U.S. 887, 69 S.Ct. 23; Darr v. Mutual Life Ins. Co., 2 Cir., 1948, 169 F.2d 262, certiorari denied 1948, 335 U.S. 871, 69 S.Ct. 166; Atallah v. B. H. Hubbert & Sons, 4 Cir., 1948, 168 F.2d 993, certiorari denied sub nom Cingrigani v. B. H. Hubbert & Sons, 1948, 335 U.S. 868, 69 S.Ct. 138; Fisch v. General Motors Corp. and Bateman v. Ford Motor Co. (2 cases) 6 Cir., 1948, 169 F.2d 266, certiorari denied (2 cases) 1949, 335 U.S. 902, 69 S.Ct. 405.