**ANIASCO, FLORENTINO et al. v.
AHUKINI TERMINALS**
Limited et al.
Civ. No. 628.

United States District Court, Hawaii.

June 30, 1950.

See also D.C., 77 F.Supp. 598.

Gladstein, Anderson, Resner & Sawyer, Herbert Resner, San Francisco, California, for plaintiffs.

Ray J. O'Brien, U. S. Atty., for the Dist. of Hawaii, Honolulu, T.H., E. C. Moore, Jr., Honolulu, T.H., Rufus G. Poole, Washington, D.C., Pratt, Tavares & Cassidy, Honolulu, T.H., of counsel, for defendants.

McLAUGHLIN, District Judge.

### 1. Statement of the Case.

In the Court's view of the present posture of the case, it is not necessary to give a detailed statement of the pleadings. Suffice it to state, the amended complaint alleges that the defendants have refused to recognize that certain of the plaintiffs are covered by the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., with the result that as to those plaintiffs, the defendants have failed and refused to pay overtime compensation required by the Act.

The original complaint was filed on November 14, 1945, and the amended complaint on July 14, 1949. Both complaints allege failure to pay the required overtime "during the six-year period next preceding the commencement of this action." Under the principle of "relation back" of amendments, it

may be assumed that the period covered by the amended complaint commenced on November 14, 1939, or six years prior to the filing of the original complaint. Indeed, the amended complaint elsewhere so indicates. Federal Rules of Civil Procedure, rule 15(c).

## 2. The Applicable Statute.

On May 14, 1947, however, Congress enacted the so-called Portal-to-Portal Pay Act, 29 U.S.C.A. Section 251 et seq., Section 2 of which (29 U.S.C.A. Section 252) reads, in part, as follows:

"(a) No employer shall be subject to any liability * * * under the Fair Labor Standards Act of 1938 * * * (in any action or proceeding commenced prior to or on or after May 14, 1947), on account of the failure of such employer * * * to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to May 14, 1947, except an activity which was compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer.

"(b) For the purposes of subsection (a) of this section, an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable. * * *

"(d) No court of the United States * * * shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after May 14, 1947, to enforce liability * * * for or on account of the failure of the employer to pay * * * overtime compensation under the Fair Labor Standards Act of 1938 * * * to the extent that such action or proceeding seeks to enforce any liability * * * with respect to an activity which was not compensable under subsections (a) and (b) of this section."

It will be seen that the substantive limitations of Subsection (a) and the jurisdictional limitations of Subsection (d) of the foregoing section, apply to "any activity of an employee engaged in prior to May 14, 1947." Since the amended complaint prays for judgment for "unpaid overtime compensation, and for an equal amount as liquidated damages" during the entire six-year period next preceding November 14, 1945, to the present time, it should be made clear at the outset that the present memorandum deals only with that portion of the claim relating to work performed prior to May 14, 1947. As to work performed since that date, other considerations must apply.

## 3. The Portal-to-Portal Act is Constitutional.

█ In their brief, the plaintiffs earnestly contend that "the recent Circuit and District Court decisions upholding the retroactive provisions of the Portal-to-Portal Act of 1947" are "erroneous."

I do not agree. The constitutionality of this statute has been upheld by so many courts, including the Court of Appeals of our own Circuit, that the point need not be labored here. See Role v. J. Neils Lumber Co., D.C.Mont.1947, 74 F.Supp. 812, 814, affirmed, 9 Cir., 171 F.2d 706; Seese v. Bethlehem Steel Co., 4 Cir., 1948, 168 F.2d 58, 65; Atallah v. B. H. Hubbert & Son, 4 Cir., 1948, 168 F.2d 993, certiorari denied, sub.nom. Cingrigrani v. Hubbert & Son, 335 U.S. 868, 69 S.Ct. 138, 93 L.Ed. 412; Lasater v. Hercules Powder Co., 6 Cir., 1948, 171 F.2d 263, 265-266; Lee v. Hercules Powder Co., 7 Cir., 1949, 171 F.2d 950, 951; McDaniel v. Brown & Root, 10 Cir., 1949, 172 F.2d 466, 471-472; Busch v. Wright Aeronautical Corporation, 6 Cir.1949, 174 F.2d 322; Thomas v. Car-

206

negie-Illinois Steel Corp., 3 Cir., 1949, 174 F.2d 711, 712–713, and the many cases there cited.

### 4. The Allegations as to Contract or Custom Are Jurisdictional.

 The amended complaint contains no allegation as to any "activity which was compensable by either—an express provision of a written or nonwritten contract * * *; or (2) a custom or practice in effect, at the time of such activity * * *", as required by Subsections (a) and (d) of 29 U.S.C.A. Section 252, supra.

Such an allegation is jurisdictional. In Tipton v. Bearl Sprott Co., 9 Cir., 1949, 175 F.2d 432, 436, the Court said:

"As indicated above, this action was instituted by appellants against appellees (the alleged employers of appellants) to enforce the alleged liability of appellees under the Fair Labor Standards Act of 1938 for and on account of their alleged failure to pay appellants overtime compensation for and on account of alleged activities of appellants engaged in prior to May 14, 1947. The third amended complaint did not allege that such activities were compensable by an express provision of a written or nonwritten contract in effect at the time of such activities, between appellants, their agent or collective-bargaining representative and appellees, or by a custom or practice in effect at the time of such activities, at the establishment or place where appellants were employed, covering such activities, not inconsistent with a written or nonwritten contract, in effect at the time of such activities, between appellants, their agent or collective-bargaining representative and appellees, or that such activities were engaged in during the portion of the day with respect to which they were so made compensable.

"Thus the third amended complaint failed to state a claim of which the District Court had jurisdiction. It should have been dismissed on that ground. That the District Court's jurisdiction was not challenged is immaterial."

See also Manosky v. Bethlehem-Hingham Shipyard, 1 Cir., 1949, 177 F.2d 529, 532.

### 5. Conclusion.

 Accordingly, that portion of the complaint that deals with overtime alleged to be due the plaintiffs for work alleged to be performed prior to May 14, 1947, is ordered stricken, as being outside of the jurisdiction of this Court. Leave, however, is granted to the plaintiffs to file a second amended complaint, alleging all necessary jurisdictional facts, if they are so advised.