JAMES PARKHILL et al., Plaintiffs, *v.* TODD SHIPYARDS CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, January 19, 1948.

*Cullen & Dykman* for defendants.

*Lewandorf & Greenburg* for plaintiffs.

PECORA, J. Plaintiffs, some seventy employees or former employees of defendants, have brought this action for overtime compensation and penalties under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*). Compensation is sought for straight time and overtime for the time spent in walking, " shaping-up " and in other forms of preliminary activity, such as changing clothes, securing tools and the like.

The action was commenced in March, 1947, following the decision of the United States Supreme Court in *Anderson* v. *Mt. Clemons Pottery Co.* (328 U. S. 680, rehearing denied 329 U. S. 822). In that case it was held that walking and preparatory time were compensable under the Fair Labor Standards Act. The ruling of the United States Supreme Court that preliminary activities were compensable was unexpected. (See Cotter, Portal to Portal Pay, 33 Va. L. Rev. 44; Smethurst and Haslam, Portal-to-Portal and Other Retroactive Liabilities, 15 Geo. Wash. L. Rev. 131.) The enlargement of the concept of " work " under the act resulted in a tidal wave of litigation. Industry was faced with the possibility of staggering judgments.

The specter of these possible tremendous recoveries, motivated Congress to act after extensive committee hearings were had. The so-called Portal-to-Portal Act of 1947 was passed and became effective May 14, 1947 (Public Law 49, 80th Cong., 1st Sess.).

The pertinent provisions of that Act follow:

Subdivision (a) of section 2: " No employer shall be subject to any liability *   *   * under the Fair Labor Standards Act of 1938, *   *   * (in any action or proceeding commenced prior to or on or after the date of the enactment of this Act), on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to the date of the enactment of this Act, except an activity which was compensable by either —

" (1) an express provision of a written or nonwritten contract in effect, at the time of such activity *   *   *; or

" (2) A custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity * * *."

Subdivision (b) of section 2: " For the purposes of subsection (a), an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable."

Subdivision (d) of section 2: " No court of the United States, of any State, * * * shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after the date of the enactment of this Act, to enforce liability * * * for or on account of the failure of the employer to pay * * * overtime compensation under the Fair Labor Standards Act of 1938 * * * to the extent that such action * * * seeks to enforce any liability * * * with respect to an activity which was not compensable under subsections (a) and (b) of this section."

Defendant has moved for judgment dismissing the amended complaint on the ground that facts are not alleged sufficient to constitute a cause of action and that the court lacks jurisdiction over the subject matter of the action. Specifically it is urged that the amended complaint fails to allege that the preliminary activities for which plaintiffs seek compensation were performed pursuant to any contract provision or custom or practice, and are therefore not compensable by virtue of subdivision (d) of section 2 of the Portal-to-Portal Act, and this court has no jurisdiction to entertain the action.

Plaintiffs contend that since this action was begun before the effective date of the Portal-to-Portal Act, the retroactive provisions of that act are unconstitutional in that they violate the due process clause of the Fifth Amendment to the Constitution.

In *Bartels* v. *Sperti, Inc.* (73 F. Supp. 751) Judge MEDINA in an opinion dealing with the Portal-to-Portal Act, cited a number of cases which have sustained the constitutionality of the act. Judge MEDINA said (pp. 753-754): " Nor does the lack of jurisdiction seem any the less manifest because jurisdiction existed at the time of the commencement of the various actions. The courts have repeatedly held that jurisdiction once conferred by the Congress upon the District Courts may be taken away in whole or in part, even as to pending cases. In

numerous instances complaints of the type found herein have already been dismissed for lack of jurisdiction since the Portal-to-Portal Act of 1947 became law on May 14, 1947. *Cochran et al.* v. *St. Paul & Tacoma Lumber Co. et al.,* D. C. W. D. Wash. 1947, 73 F. Supp. 288; *Boehle* v. *Electro Metallurgical Co.,* D. C. D. Or. 1947, 72 F. Supp. 21; *Story et al.* v. *Todd Houston Shipbuilding Corp.,* D. C. S. D. Tex. 1947, 72 F. Supp. 690; *Fajack* v. *Cleveland Graphite Co.,* D. C. N. D. Ohio 1947, 73 F. Supp. 308; *Lasater* v. *Hercules Powder Co.,* D. C. E. D. Tenn. 1947, 73 F. Supp. 264; *Whitehouse et al.* v. *American Rolling Mill Co.,* D. C. S. D. Ohio 1947 [not reported]. These courts have necessarily and in most instances specifically held that the Portal-to-Portal Act of 1947 is constitutional and valid. No decision by any court, so far as this court is aware, has held the Portal-to-Portal Act of 1947 unconstitutional and invalid in whole or in part.'' (See, also, *Darr* v. *Mutual Life Ins. Co. of New York,* 72 F. Supp. 752, HINCKS, J.)

In view of the findings of the Congress and the express policy of the Portal-to-Portal Act, it was within the power of Congress to withdraw rights which were created by Federal legislation (*Kline* v. *Burke Constr. Co.,* 260 U. S. 226). Certainly Congress could withdraw from State courts the power to enforce rights under a Federal statute. (*Bowles* v. *Willingham,* 321 U. S. 503, 510–512.) (See discussions as to constitutionality in 47 Col. L. Rev. 1010–1026 [Sept., 1947]; 60 Harv. L. Rev. 1353–1355 [Oct., 1947].)

I agree with the cited precedents that the retroactive provisions of the Portal-to-Portal Act are constitutional. Certainly in the absence of any appellate court pronouncements to the contrary, and in view of the many precedents in other courts sustaining the constitutionality of the act, a court at nisi prius should not, unless the case is a clear one, declare an act of Congress unconstitutional.

The motion to dismiss is therefore granted, with leave to plaintiffs, if they can do so, to serve an amended complaint which shall comply .with section 2 of the Portal-to-Portal Act, within twenty days after service of a copy of the order to be entered hereon with notice of entry. Settle order.